PER CURIAM.
By this appeal we are called upon to determine whether a chancellor abused his discretion in issuing a temporary injunction without notice and thereafter refusing to dissolve same. We also have pending before us a motion by the appellants to require the original plaintiff to increase the bond issued in connection with the temporary injunction, a motion by the ap-pellee, Sanitary Linen Service Co. of Florida, to strike the brief and appendix of the appellee, Joseph Turetsky, and, lastly, a motion by the appellee, Sanitary Linen Service Co. of Florida, to dismiss this appeal. We have determined to deny all these motions. The ground of the latter motion is that review of the temporary injunction and order denying the motion to dissolve is now moot because the trial court, subsequent to this appeal being taken, entered an order modifying said injunction wherein the following is found:
i}< >(< % s{< >{t
“ * * * all parties to this cause have indicated that the Temporary Injunction * * * should be modified * * * ”
It does appear that the appellants may have acquiesced in this modification, in which event the appeal may be moot but, following examination of the record and briefs and hearing oral argument on the matter, we have decided to determine the matter on its merits.
Although it may have been a better practice to give a notice prior to the issuance of the temporary injunction,[1] it does appear that a hearing was held upon the motion to dissolve. Both of these rulings are discretionary ones and before this court would be authorized to interfere with same we must find that the chancellor abused his discretion in the entry of said orders.
It is incumbent upon the appellants to demonstrate such an abuse. Durable Uniform and Linen Supply Co. v. Sanitary Linen Service Co., Fla.App.1966, 183 So.2d 226; AAA Auto Leasing, Inc. v. Morse Taxi and Baggage Transfer, Inc., Fla.App.1967, 204 So.2d 902; City of Fort Lauderdale v. Taxi, Inc., Fla.App.1971, 247 So.2d 467. We fail to find that they have made prejudicial error appear on this record and, therefore, we affirm the actions of the chancellor here under review. Miami Laundry v. Sanitary Linen Service Co., Fla.App.1961, 131 So.2d 519; Paul’s Drugs, Inc. v. Southern Bell Telephone & Telegraph Company, Fla.App.1965, 175 So.2d 203; Lieberman v. Marshall, Fla.1970, 236 So.2d 120; 17 Fla.Jur., Injunctions, 1972 Supp. § 16.
Affirmed.

. Compare Arison Shipping Company v. Klosters Rederi A/S, Fla.App.1972, 259 So.2d 784.