PER CURIAM.
The appellant, Morris Eason, was arrested by a police officer who searched him incident to the arrest and found heroin. Eason moved to suppress the evidence on the ground that the arrest was without probable cause and that, therefore, the search was illegal. The trial judge denied the motion. Eason then entered a plea of nolo contendere, was found guilty and placed upon two years probation.
The evidence before the trial court was sufficient to support a holding that the police officer had reasonable grounds to believe that a felony had been committed by Eason. The evidence showed that the informant, who had assisted the police on many prior cases, stated to the police that he had personally seen the defendant in possession of drugs which defendant had hidden in his pants. The informant gave the officer a description of Eason’s person and apparel and stated where he could be located. The police proceeded to the area, located the person fitting the description in front o'f a pool hall and approached him shortly thereafter. Upon seeing the police officer, Eason started walking quickly to the rear of the pool hall. It was then that the arrest was made and the search carried out revealing the heroin. Upon due consideration of the record, it is our view that these circumstances meet the requirements of Florida law. See Rodriguez v. State, Fla.App.1966, 189 So.2d 656 and see Fla. Stat. § 901.15(3), State v. Outten, Fla.1968, 206 So.2d 392 and the rule stated in Salas v. State, Fla.App.1971, 246 So.2d 621, 622.
Affirmed.