334 So.2d 141 (1976)
Joann CRAWFORD, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1381.
District Court of Appeal of Florida, Third District.
June 15, 1976.
Phillip A. Hubbart, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Linda C. Hertz, Asst. Atty. Gen., and Roy J. Kahn, Legal Intern, for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
The appellant, Joann Crawford, was charged by information with two felony counts of possession of a controlled substance. She entered a plea of not guilty and filed a motion to suppress on the grounds that the evidence was obtained pursuant to an unreasonable search and seizure. After hearing testimony and argument, the trial judge denied the motion to suppress. Appellant Crawford changed her plea to nolo contendere, reserving her right to appeal the denial of the motion to suppress and the court entered a judgment of conviction and sentence of two concurrent four-month terms in the Dade County Jail.
On appeal, Crawford contends that the trial court erred in denying the motion to suppress evidence seized by the police without a warrant where there was no showing of the underlying circumstances on which the officer based his conclusion that the information received from a confidential informant was accurate, and where there was no independent evidence upon which to base probable cause.
The trial court's ruling on a motion to suppress comes to this court with a presumption of correctness, and in testing the accuracy of the trial court's conclusions, we should interpret the evidence and all reasonable inferences and deductions to be drawn therefrom in a light most favorable to sustain these conclusions. Rodriguez v. State, Fla.App. 1966, 189 So.2d 656, concurring opinion of Judge Barkdull, 660. Under § 901.15, a police officer may *142 make an arrest without a warrant when he reasonably believes that a felony has been or is being committed and reasonably believes that the person to be arrested has committed or is committing it. The arresting officer is not required to have sufficient first hand knowledge to constitute probable cause. It is sufficient if the police officer initiating the chain of communication either had first hand knowledge or received his information from some person, official source or eye witness, who it seems reasonable to believe is telling the truth. Salas v. State, Fla.App. 1971, 246 So.2d 621, 622.
Having examined the facts pursuant to the foregoing principles of law, we find there to be substantial competent evidence to support the trial court's ruling. See Eason v. State, Fla.App. 1975, 317 So.2d 447.
Affirmed.