510 So.2d 1242 (1987)
Richard BETTEZ, Appellant,
v.
The CITY OF MIAMI, Appellee.
No. 86-3043.
District Court of Appeal of Florida, Third District.
August 18, 1987.
Alan R. Soven, Miami, for appellant.
Weinstein, Bavly & Moon and Scott Weinstein, Miami, for appellee.
Before HUBBART, PEARSON, DANIEL S. and FERGUSON, JJ.
PER CURIAM.
This is an appeal by the plaintiff Richard Bettez from an adverse final summary judgment entered below in a false arrest, false imprisonment, and malicious prosecution action. We affirm based on the following briefly stated legal analysis.
First, we reject the plaintiff's contention that the trial court had no authority to entertain the defendant City of Miami's motion to reconsider the trial court's prior *1243 interlocutory ruling denying the defendant's motion for summary judgment, and to thereafter enter a summary judgment for the defendant. It is well settled in this state that a trial court has inherent authority to reconsider, as here, any of its interlocutory rulings prior to the entry of a final judgment or final order in the cause. The fact that the defendant mislabeled his motion as a motion for rehearing under Fla.R. Civ.P. 1.530 cannot change this result as the motion was, in substance, a proper motion for reconsideration. See Alabama Hotel Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825 (1924); Margulies v. Levy, 439 So.2d 336 (Fla. 3d DCA 1983); Nelson v. Cravero Constructors, Inc., 117 So.2d 764 (Fla. 3d DCA 1960); see also Commercial Garden Mall v. Success Academy, Inc., 453 So.2d 934 (Fla. 4th DCA 1984).
Second, the record demonstrates, without dispute, that the arresting police officers were informed by witnesses to the subject incident that the plaintiff had committed an aggravated battery on a civilian; moreover, the plaintiff, without material dispute, committed a battery on an auxiliary police officer while the arresting officers were investigating the incident. This being so, the police had ample probable cause to arrest the plaintiff and, subsequently, to seek to have the plaintiff criminally prosecuted; a summary judgment for the defendant City of Miami was, therefore, entirely appropriate in this case. See DeMarie v. Jefferson Stores, Inc., 442 So.2d 1014, 1017 (Fla. 3d DCA 1983); Crawford v. State, 334 So.2d 141 (Fla. 3d DCA 1976); Salas v. State, 246 So.2d 621 (Fla. 3d DCA 1971).
The final summary judgment under review is, in all respects,
Affirmed.