516 So.2d 1033 (1987)
ALACHUA COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
LEWIS OIL COMPANY, INC., Appellee.
No. 87-476.
District Court of Appeal of Florida, First District.
December 9, 1987.
*1034 Thomas A. Bustin, Co. Atty., Mary A. Marshall, Asst. Co. Atty., Gainesville, for appellant.
William C. Andrews of Scruggs & Carmichael, P.A., Gainesville, for appellee.
SMITH, Chief Judge.
This appeal presents for review a temporary injunction issued by the circuit court enjoining appellant, Alachua County, from enforcing a moratorium on the construction of underground petroleum storage tanks. Having found that the trial court did not abuse its discretion in granting the temporary injunction appealed, we affirm.
This is the second appearance of the same parties before this court in an ongoing dispute arising from Lewis Oil Company's attempt to install underground tanks in the county. At issue in this litigation is the effect of the state's statutory and regulatory scheme upon efforts by the county to exercise control over underground tanks such as those for which Lewis Oil seeks approval. In sections 376.30-376.317, Florida Statutes (1985), the state preempted the regulation of the construction of underground petroleum storage tanks. Under the statutes, a county ordinance which is more stringent or extensive than state law may be enacted, provided the ordinance is approved by DER. § 376.317(3), Fla. Stat. (1985). Alachua County sought to enact an ordinance governing underground storage facilities which purported to be more stringent and more extensive than the Department of Environmental Regulation's (DER) rules governing such facilities. Before obtaining final approval by DER, Alachua County attempted to impose the requirements of its ordinance on Lewis Oil, which had sought permits to install underground gasoline storage tanks complying with the applicable state law and rules. In Lewis Oil Company v. Alachua County, 496 So.2d 184 (Fla. 1st DCA 1986) (Lewis I), this court ruled that since the validity of the Alachua County ordinance was dependent upon approval by DER, the ordinance had not become effective as law and could not be enforced against Lewis Oil until that condition had been fully satisfied.
In the meantime, Alachua County adopted another ordinance, 86-19, which imposed a moratorium in Alachua County on the issuance of building permits that would permit the construction of any new or existing underground storage tanks. The moratorium ordinance was subsequently amended by ordinance 87-2 to include the City of Gainesville within its terms and to extend the duration of the moratorium to August 2, 1987.
Lewis Oil, after having been refused a permit because of the existing moratorium, filed an action in circuit court seeking declaratory and injunctive relief. Lewis Oil's proposed project complies with sections 376.30-376.317 and the rules and regulations of DER promulgated pursuant thereto. The trial court granted a temporary *1035 injunction, finding a likelihood of irreparable injury to Lewis Oil should an injunction not be granted, and no immediate injury to Alachua County if a temporary injunction is granted. Further, the trial court found that in the event Alachua County ultimately prevails in this action, Lewis Oil will be required to retrofit its installation to meet the more stringent and extensive requirements of the county ordinance; therefore, the granting of the preliminary injunction would not have the effect of disserving the public interest. Finally, the trial court found a substantial likelihood that Lewis Oil will prevail on the merits.
With regard to the latter finding, the trial court noted the similarities of the issues of fact and law in this case and those in Lewis I. Whereas the ordinance involved in that case imposed more stringent requirements, the ordinance in this case totally prohibits the issuance of a building permit to install or repair such facilities. In the trial court's view, this was as much a regulation as an ordinance which imposed more stringent or extensive requirements. The trial court pointed out, appropriately, that the stated purpose of ordinance 86-19, as amended, was to regulate the prevention and removal of pollutants from underground storage tanks. Noting that Alachua County had not applied to DER for approval of either of its ordinances, 86-19 or 87-2, the trial court thus determined that the moratorium was an attempt to regulate in an area which has been preempted to the state pursuant to section 376.317.
On appeal, Alachua County has asked this court to determine whether its ordinance, as amended, is invalid by reason of the preemption contained in section 376.317. However, we find that Alachua County is premature in seeking such relief in this court, since the trial court has yet to rule on the merits of Lewis Oil's complaint. While the tenor of the trial court's order is that it will probably declare 86-19 to be invalid or ineffective and unenforceable unless and until approved by final order of DER, this has not been done. Thus, the narrow issue before this court is whether the trial court erred in granting a temporary injunction.
Wide judicial discretion rests in the circuit court in granting or dissolving temporary injunctions, and an appellate court will not interfere where no abuse of discretion appears. Cunningham v. Dozer, 159 So.2d 105 (Fla. 3d DCA 1963). After a thorough review of the briefs and record on appeal, we find that Alachua County has failed to demonstrate that the trial court abused its discretion in rendering the order appealed.
AFFIRMED.
MILLS and SHIVERS, JJ., concur.