592 So.2d 1216 (1992)
U.S. MANUFACTURING AND GALVANIZING CORPORATION, Appellant,
v.
John W. RENFROW, As Director of the Department of Environmental Resources Management, for and On Behalf of Metropolitan Dade County, a Political Subdivision of the State of Florida, Appellee.
No. 91-2357.
District Court of Appeal of Florida, Third District.
January 28, 1992.
Douglas M. Halsey, and Kirk L. Burns, Miami, for appellant.
Robert A. Ginsburg, Dade County Atty., and Peter S. Tell, Asst. County Atty., for appellee.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, U.S. Manufacturing and Galvanizing Corporation (USMGC), appeals a non-final order denying dissolution of a temporary injunction. We affirm.
Appellee, Department of Environmental Resources Management (DERM), sued USMGC for injunctive and other relief arising *1217 out of alleged violations of Metro Dade County's environmental protection ordinance. USMGC and DERM agreed to a temporary injunction closing down USMGC's facility, and requiring the removal of hazardous waste.
Approximately a year later, USMGC sought dissolution of the temporary injunction based upon a substantial change incircumstances. The trial court held an evidentiary hearing and denied USMGC's request.
USMGC contends that the trial court abused its discretion in denying dissolution of the temporary injunction because: 1) the temporary injunction was overbroad; and 2) the evidence established a substantial change in circumstances because the hazardous waste had been removed. Appellee asserts that: 1) USMGC agreed to the temporary injunction and therefore cannot now complain of its overbreadth; and 2) USMGC failed to meet its burden of proof to dissolve the temporary injunction and hence, the trial court did not abuse its discretion.
Here, USMGC and DERM agreed to the entry and the terms of the temporary injunction. Since USMCG agreed to the temporary injunction, USMGC cannot complain, on appeal, of its overbreadth. See Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1 (Fla. 1971); Hudgins v. Florida Federal Savings and Loan Association, 399 So.2d 990 (Fla. 5th DCA 1981).
Because injunctive matters are open-ended in nature, courts necessarily retain jurisdiction to modify, alter or dissolve the injunction whenever changed circumstances make it equitable. Hale v. Miracle Enterprises Corporation, 517 So.2d 102 (Fla. 3d DCA 1987). However, an appellate court will not interfere with a trial court's discretion in dissolving an injunction where no abuse of discretion appears. Alachua County v. Lewis Oil Company Inc., 516 So.2d 1033 (Fla. 1st DCA 1987); Cunningham v. Dozer, 159 So.2d 105 (Fla. 3d DCA 1963); Executive Uniform Rental, Inc. v. Sanitary Linen Service Co. of Florida, 265 So.2d 392 (Fla. 3d DCA) cert. denied, 270 So.2d 742 (Fla. 1972).
In this case, the trial court heard evidence and denied the dissolution of the temporary injunction. Although USMGC developed some evidence of a substantial change in circumstances, testimony from their expert also indicated that further site tests were needed to determine whether contaminants were still present.
Where facts and circumstances have changed to the point that a temporary injunction is no longer needed, and, where equity dictates, the injunction should be dissolved. Reynolds v. The Surf Club, 473 So.2d 1327 (Fla. 3d DCA 1985) review denied, 484 So.2d 9 (Fla. 1986). However, where the trial court determines that the temporary injunction should remain in effect to accomplish the initial goals of the injunctive relief, we should not disturb its ruling, absent an abuse of discretion. See Hale v. Miracle Enterprises Corporation, 517 So.2d at 103.
We recognize that the term "temporary injunction" envisions that the injunctive relief does not contemplate "forever." However, we also recognize that injunctive relief in environmental matters, especially when it protects the public from hazardous waste, does not require that a temporary injunction be dissolved with great "velocity." Rather, prudence dictates that a careful judicial course would accomplish the goals of such sensitive injunctive relief.
The trial court acted well within its judicial demense and did not abuse its discretion.
Affirmed.