PER CURIAM.
Rafael Zur appeals from the trial court’s nonfinal order denying Zur’s motion to dissolve an injunction. We have jurisdiction under Fla.R.App.P. 9.130, and affirm.
D.L. Wirth and Yarone Degani entered into a contract in which they agreed to purchase as equal partners certain antique aircraft. The parties recognized the possibility that Degani would not have sufficient funds to pay for half of the costs of acquisition; therefore, the agreement provided that Wirth would provide a loan, secured by the acquired aircraft, to cover Degani’s deficit. Pursuant to the contract, Degani obtained a F-4U Corsair, a rare World War II fighter aircraft. Wirth furnished most of the consideration necessary to purchase the Corsair. Contrary to the agreement, Degani had the bill of sale and title to the Corsair put in the name of a corporation solely owned by Dega-ni and his brother.
Degani was unable to pay his share of the costs associated with the purchase and restoration of the Corsair, and the relationship between he and Wirth deteriorated as a result. Subsequently, Degani attempted to sell the aircraft to Zur without Wirth’s knowledge or approval and despite the fact that Wirth had a security interest in the aircraft. Wirth then filed a complaint against Degani and sought and received a temporary injunction which prevented Degani from selling the aircraft. Zur then intervened in the lawsuit and unsuccessfully moved to dissolve the injunction.
The trial court correctly refused to dissolve the temporary injunction in the cause below, as it was properly entered. A Florida court may enter a temporary injunction when three conditions are met: (1) the plaintiff has a clear legal right in the subject matter of the dispute; (2) the plaintiff is likely to be irreparably harmed because an adequate remedy is unavailable at law; and (3) the plaintiff has a substantial likelihood of success on the merits. Warten v. Caguas Central Sav. Bank of Puerto Rico, 567 So.2d 42, 43 (Fla. 3d DCA 1990).
First, the contract between Wirth and De-gani provides a clear legal right in the subject matter of the dispute, the Corsair. Second, Wirth is likely to suffer irreparable harm without an adequate remedy at law if the aircraft is sold. The record contains undisputed testimony that the Corsair is extremely rare and Wirth may never have another chance to own one. Third, the record reveals competent evidence from which the trial court could have determined that Wirth has a substantial likelihood of success on the merits. “An appellate court will not interfere with a trial court’s discretion in dissolving an injunction where no abuse of discretion appears.” U.S. Mfg. & Galvanizing v. Renfrow, 592 So.2d 1216, 1217 (Fla. 3d DCA 1992). Therefore, we affirm the order denying Zur’s motion to dissolve temporary injunction.
Affirmed.