PATTERSON, Judge.
The appellant challenges his judgment and sentence for possession of cocaine and possession of marijuana. He argues that the trial court erred in failing to grant his motion to suppress since the police officer who arrested him did not have a warrant or probable cause to make the arrest. We agree and reverse.
On September 10, 1992, the appellant sold one piece of rock cocaine to a confidential informant in the appellant’s front yard. Detective Hannaford and another officer witnessed the transaction and monitored it with an audio intelligence device. The officers gave the rock a presumptive field test and it tested positive as cocaine. Thereafter, Detective Hannaford attempted to secure a warrant for the appellant’s arrest; however, his request was denied because he failed to set forth in the probable cause affidavit that the substance the appellant sold had been tested and had proved positive for cocaine.
On December 22, 1992, Officer Dodd, who was not involved in the drug transaction between the appellant and the informant in September, stopped a car in which the appellant was a passenger. He arrested the appellant because he thought the appellant’s name was on a list of persons with outstanding warrants. Officer Dodd found marijuana and rock cocaine on the appellant’s person during the search incident to arrest. On *1011 January 12, 1993, the state filed an information charging the appellant with possession of cocaine and possession of marijuana on December 22, 1992.' The state did not file charges based on the drug transaction in September.
On April 2, 1993, the appellant filed a motion to suppress. The court found that probable cause existed at the time of the arrest and denied the motion. The appellant entered a plea of nolo contendere, specifically reserving his right to appeal the denial of the motion to suppress.
The state contends that the September drug transaction created probable cause to support the appellant’s arrest in December, citing Murphy v. State, 252 So.2d 261 (Fla. 3d DCA 1971). In Mwrphy, a police officer saw the defendant commit a felony. The officer filed charges with the state attorney and, assuming that a warrant had been issued, arrested the defendant. However, no warrant was ever issued. Although the officer did not have a warrant, the Third District upheld the defendant’s conviction since the officer had probable cause to make the arrest. This case is distinguishable since Officer Dodd had no knowledge of the appellant’s prior drug transaction and no arrest warrant.
Therefore, he had no legal basis to make the arrest.
The state also contends that the arresting officer need not have first-hand knowledge of the criminal activity to have probable cause. However, the officer must have received sufficient information from a rehable source to establish probable cause. Crawford v. State, 334 So.2d 141 (Fla. 3d DCA 1976). Since the record fails to show that Officer Dodd knew about the appellant’s drug deal in September when he made the arrest, knowledge of the transaction can not be imputed to the officer. Thus, the trial court erred in denying the appellant’s motion to suppress.
Reversed.
RYDER, A.C.J., and LAZZARA, J., concur.