HALL, Judge.
The appellant, Betty Sue Neel, contends the trial court erred in issuing a temporary restraining order (TRO) against her at the request of the appellee, Williams Communication Services, Inc. We agree with Neel and reverse.
In December 1993, Williams filed a three-count civil complaint against Neel, alleging that while Neel was employed as an accountant for Williams she unlawfully converted funds belonging to Williams for her own use. Williams, thus, asked that a constructive trust be imposed on certain assets Neel purchased with the converted funds and that a TRO issue to prevent Neel from disposing of any assets currently in her possession. After a hearing exclusively addressing Williams’ request for a TRO, the trial court issued an order temporarily enjoining Neel from disposing of any assets. Neel thus filed this timely appeal, arguing that the trial court erred in granting Williams’ request for a TRO because Williams failed to demonstrate those elements necessary to the issuance of such.
Before a TRO may properly issue, the party seeking such relief must demonstrate (1) irreparable harm; (2) a clear legal right; (3) the unavailability of an adequate remedy at law; and (4) consideration of the public interest. Hiles v. Auto Bohn Federat *1018 ion, Inc., 498 So.2d 997 (Fla. 4th DCA 1986), and eases cited therein. Since a temporary injunction is an extraordinary remedy, it should be granted sparingly and only after the moving party has alleged and proved facts entitling it to relief. Id. at 998. In demonstrating irreparable harm in particular, the moving party must show that the potential loss at stake is not compensable by money damages. Barclays American Mortgage Corp. v. Holmes, 595 So.2d 104 (Fla. 5th DCA 1992). In the instant case, not only does the record show that Williams failed to demonstrate any of the elements necessary to the issuance of a TRO, but that, according to its president, Williams’ losses are indeed compensable by money damages. For those reasons, we find the trial court erred in ordering a TRO and reverse.
Accordingly, the order directing the issuance of a TRO is reversed and the cause remanded with directions to dissolve the temporary injunction.
DANAHY, A.C.J., and QUINCE, J., concur.