667 So.2d 310 (1995)
Conway BROCK, Jr., Appellant,
v.
Newman D. BROCK, Appellee.
No. 95-858.
District Court of Appeal of Florida, First District.
September 27, 1995.
Robert W. Goldman of Goodman, Breen, Lile & Goldman, Naples, for Appellant.
James P. Judkins of Kitchen, Judkins, Simpson & High, Tallahassee, for Appellee.
JOANOS, Judge.
In this appeal from a non-final order unfreezing assets, Conway Brock, Jr., appellant, seeks review of four issues: (1) the subject matter jurisdiction of the trial court to rule upon the motion to unfreeze assets, (2) the authority of the acting circuit judge to adjudicate the controversy, (3) the trial judge's denial of the request for appointment of an administrator ad litem, and (4) the trial judge's order unfreezing assets which are the subject of pending litigation. We affirm the first two issues without further comment, confining our discussion to issues three and four. We reverse as to the fourth issue.
On February 21, 1995, the trial court issued an order granting the motion of Newman Brock, appellee, to release the assets previously frozen pending the outcome of a challenge to the will of Dr. Conway Brock, deceased father of appellant and appellee. The contested will and trust agreement were executed September 20, 1993. At the time of execution of the will, Dr. Brock's immediate family consisted of two sons, Newman and Conway, Jr., daughter Sue Brock Smith, and niece Annie D. Everitt. Newman Brock, appellee, was made personal representative and trustee of the trust agreement. Under the will and trust agreement, Dr. Brock left bequests to his niece, two granddaughters, a grandson, a greatniece, a cousin, and to Hard Labor Baptist Church. The residuary trust estate went to his son, Newman Brock.[1] Dr. Brock died January 27, 1994.
*311 Sue Brock Smith and appellant contested the will and trust. The trial court's order upholding the validity of the will and trust is now the subject of an appeal to this court. In May 1993, and in October 1993, appellee was given powers of attorney to act for Dr. Brock. There is no express language in either power of attorney which authorized the personal representative to make gifts to himself. The record reflects that appellee used the October 1993 general durable power of attorney to transfer checking accounts in his father's name to a joint account with his father at the Bank of Bonifay, and to write checks on the accounts. Appellee's secretary re-typed the first page of the power of attorney to reflect appellee as sole attorney-in-fact; the original document included appellant as an alternate attorney-in-fact. After their execution, the originals of the will and trust agreement and power of attorney were mailed to appellee's office, where they were housed.
On June 6, 1994, Sue Brock Smith and appellant filed a motion to amend the counter-petition to include allegations of undue influence and lack of capacity of the testator, with respect to transfers of bank accounts and real estate. The counter-petition lists nine bank accounts and one real property transaction in which Newman Brock transferred accounts and property to himself individually, or placed it in joint names with the decedent. The counter-petition also sought appointment of an administrator ad litem to investigate the transactions, and to sue appellee on behalf of the estate.
Appellant and his sister also filed a separate petition for appointment of an administrator ad litem, alleging that appellee Newman Brock had a conflict of interest as personal representative of the estate, which interfered with his ability to determine whether the transfers at issue should be voided, or whether an action should be brought against him in order to bring the matter before the court for determination. Attached to the petition was a statement of claim by Newell Brock, appellee's mother, alleging additional grounds for appointment of an administrator ad litem.
In an order filed July 22, 1994, the trial court denied the petition for appointment of an administrator ad litem. The trial court concluded the interests of the estate would be represented adequately by the will contest. The court also accepted the proposal of the personal representative, and froze the funds in the accounts identified in the petition for appointment of an administrator ad litem, as an alternative to such appointment.
The final judgment and order upholding the last will and trust was entered on December 28, 1994. This order was appealed. On January 10, 1995, Newman Brock filed a motion to release the frozen assets, which motion was granted in an order filed February 21, 1995. It is from that non-final order unfreezing assets that this appeal has been taken.
While the record before us suggests an issue as to whether or not the appointment of an administrator ad litem would have been a proper exercise of discretion in this instance, the order denying the petition is a non-appealable non-final order. Although appellant could not appeal the order denying the petition, the matter is collateral to, and proper for consideration in, the appeal from the order upholding the validity of the will.
We turn now to the propriety of the order granting the motion to release frozen assets. Since the order here at issue is in the nature of a temporary injunction, our analysis of this issue analogizes to the rules applicable to temporary injunctions. The function of a temporary injunction is to preserve the status quo pending the final outcome of a cause. Florida Land Co. v. Orange County, 418 So.2d 370, 372 (Fla. 5th DCA 1982). The circuit court has broad discretion in granting or dissolving temporary injunctions. Alachua County v. Lewis Oil Co., Inc., 516 So.2d 1033, 1035 (Fla. 1st DCA 1987). Trial courts necessarily retain jurisdiction to modify, alter, or dissolve an injunction when changed circumstances make it equitable to do so. U.S. Manufacturing & Galvanizing Corp. v. Renfrow, 592 So.2d 1216, 1217 (Fla. 3d DCA 1987).
One seeking to dissolve a temporary injunction must make it appear that the *312 injunction is without basis in the pleadings and evidence, or is illegal in its nature. World Security Fund v. Schmidt, 406 So.2d 511, 512 (Fla. 3d DCA 1981), review denied, 413 So.2d 877 (Fla. 1982). A temporary injunction should be dissolved only where the facts and circumstances have changed to the point that equity dictates the injunction is no longer needed. Renfrow, 592 So.2d at 1217. See also Shadow Lakes Woods, Inc. v. Schneider, 414 So.2d 3, 4 (Fla. 5th DCA 1982).
In this case, the order freezing assets was proposed by the personal representative, and was accepted by the trial court in connection with the denial of the motion for appointment of an administrator ad litem. The abbreviated record before us raises significant questions concerning the interplay of the interests of the estate and those of the personal representative. It appears the trial court was persuaded that the final judgment upholding the validity of the will and trust signalled an end to the litigation, and the concomitant need to preserve possible assets of the estate. However, that final judgment is the subject of an appeal currently pending in this court. Since the validity of the will and trust is still an open question, the circumstances have not altered in a manner that would justify releasing possible assets of the estate. Therefore, we conclude the trial court abused its discretion in granting the motion to unfreeze assets.
Accordingly, we reverse the order releasing the subject assets, and remand this cause with directions to reinstate the freeze order until such time as the appeal from the order upholding the validity of the will is decided.
BOOTH and VAN NORTWICK, JJ., concur.
NOTES
[1] Newman Brock's attorney estimated the aftertax value of the residuary trust estate to be between 1.5 to 2 million dollars.