693 So.2d 615 (1997)
Steve HUNTER, Appellant,
v.
DENNIES CONTRACTING COMPANY, INC. d/b/a Crowther Roofing & Sheet Metal of Florida, Inc., Appellee.
No. 96-03639.
District Court of Appeal of Florida, Second District.
March 26, 1997.
Ira Marcus and Jonathan S. Robbins of Atlas, Pearlman, Trop & Borkson, P.A., Fort Lauderdale, for Appellant.
John M. Hament and Michele M. Perri of Kunkel, Miller & Hament, Sarasota, for Appellee.
NORTHCUTT, Judge.
Steve Hunter appeals the denial of his motion to dissolve or modify a temporary injunction entered against him in an action brought by his former employer, appellee Dennies Contracting Company, to enforce a non-compete agreement. We affirm.
The temporary injunction was entered after a noticed hearing at which Hunter appeared with counsel. Hunter did not timely appeal the injunction itself, as he could have done under Florida Rule of Appellate Procedure 9.130(a)(3)(B). Instead, he secured new counsel and moved to dissolve the injunction on the ground that the former employer had failed to meet its burden of proof at the initial hearing. Neither in the motion to *616 dissolve nor at the hearing at which it was considered did Hunter present evidence of any changed or new circumstance that undermined the basis for the injunction. In other words, Hunter's motion to dissolve merely sought to have the judge reconsider his initial ruling.
At all times prior to entry of the final order terminating an action, the trial court has inherent authority to reconsider any of its nonfinal rulings, and, if it deems it appropriate, to alter or retract them. However, the court is not required to exercise that authority, and its decisions whether to do so generally are not reviewable. Bettez v. City of Miami, 510 So.2d 1242, 1243 (Fla. 3d DCA 1987); Arnold v. Massebeau, 493 So.2d 91, 92 (Fla. 5th DCA 1986).
The rule differs with respect to a temporary injunction issued without prior notice, in which case the trial court must hear the enjoined party's motion to dissolve. Fla. R.Civ.P. 1.610(d). Moreover, at the hearing on the motion to dissolve such an ex parte temporary injunction, the party who obtained the injunction bears the burden of going forward with evidence to establish a prima facie case to support the injunctive relief. Fla.R.Civ.P. 1.610(d); Dept. of Community Affairs v. Holmes County, 668 So. 2d 1096, 1101 (Fla. 1st DCA 1996); DeLisi v. Smith, 401 So.2d 925, 928 (Fla. 2d DCA 1981).
In this case, however, Hunter had notice of and participated in the hearing on Dennies Contracting's motion for temporary injunction. Therefore, when Hunter moved to dissolve the temporary injunction it was incumbent upon him to prove some change of circumstance that would have justified the dissolution or modification of the injunction. Spaulding v. Estate of Frey, 666 So.2d 935 (Fla. 5th DCA 1995); McCahill v. Braishfield Associates, Inc., 661 So.2d 399 (Fla. 5th DCA 1995); Miller v. Jacobs and Goodman, P.A., 639 So.2d 1088 (Fla. 5th DCA 1994). Because the trial judge was not presented with any such proof, we cannot say that he abused his discretion by, in effect, simply declining to revisit his initial ruling.
On appeal, Hunter makes a persuasive argument that the evidence submitted at the initial temporary injunction hearing was legally insufficient to support issuance of the temporary injunction. However, that unappealed order is not before us for review, and we do not pass on the merits of either the temporary injunction or the underlying action.
Affirmed.
ALTENBERND, A.C.J., and BLUE, J., concur.