731 So.2d 744 (1999)
PRECISION TUNE AUTO CARE, INC., etc., Appellant,
v.
James E. RADCLIFF, individually and Performance Concepts, Inc., Appellees.
No. 98-3161.
District Court of Appeal of Florida, Fourth District.
March 31, 1999.
Rehearing Denied May 27, 1999.
*745 Keith T. Grumer and Rowena D. Reich of Grumer & Levin, P.A., for appellant.
John R. Hargrove and Cristina Pierson of Heinrich Gordon Hargrove Weihe & James, P.A., Fort Lauderdale, for appellees.
KLEIN, J.
This is an appeal from an order denying a motion to dissolve a temporary injunction entered after a notice and hearing. The appellees argue that we have to affirm, because no appeal was taken from the order granting the temporary injunction and the arguments advanced in support of the motion to dissolve were arguments which could have been raised at the hearing on the motion for temporary injunction.
Appellees rely on Miller v. Jacobs and Goodman, P.A., 639 So.2d 1088 (Fla. 5th DCA 1994)(trial court properly denied motion to dissolve temporary injunction because all of the grounds of motion were either raised or could have been raised at the hearing on the injunction or in an appeal from the order granting the injunction); see also Brock v. Brock, 667 So.2d 310, 312 (Fla. 1st DCA 1995)("A temporary injunction should be dissolved only where the facts and circumstances have changed to the point that equity dictates the injunction is no longer needed."); McCahill v. Braishfield Assocs., Inc., 661 So.2d 399, 400 (Fla. 5th DCA 1995)(motion to dissolve temporary injunction, based on arguments which were raised or could have been raised at hearing on temporary injunction, was improper).
We do not agree with appellees that a trial court cannot grant a motion to dissolve a temporary injunction where the arguments or evidence in support of the motion to dissolve could have been raised at the hearing on the temporary injunction. Such a bright line rule would, in our opinion, be inconsistent with two well-established principles. First, the "granting and continuing of injunctions rests in the sound discretion of the Court, dependent upon surrounding circumstances." Davis v. Wilson, 139 Fla. 698, 190 So. 716, 718 (1939) and cases cited. Second, a trial court has the inherent authority to reconsider a non-final order and modify or retract it. Hunter v. Dennies Contracting Co., 693 So.2d 615 (Fla. 2d DCA 1997). See also North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla.1962).
We conclude that a trial court's decision as to whether to reconsider, on a motion to dissolve, a temporary injunction entered after notice and a hearing,[1] is discretionary, *746 regardless of whether the arguments or evidence could have been brought to the attention of the court at the hearing on the injunction. Although the opinion in Hunter observed that it was incumbent on the party moving to dissolve the temporary injunction to demonstrate a change of circumstance, the court also recognized that the trial court's decision not to reconsider was discretionary.
As to the merits, appellant argues that the trial court erred in enforcing by temporary injunction a franchise agreement, preserving the status quo until the issue prompting this litigation is resolved. The issue is whether appellee franchisee breached the franchise contract.
Appellants' reliance on Burger Chef Systems, Inc. v. Burger Chef of Florida, Inc., 317 So.2d 795 (Fla. 4th DCA 1975) is misplaced. In Burger Chef we concluded that a permanent injunction was not available to prevent a franchisor from terminating a franchise agreement. In the present case, the franchisee was seeking only a temporary injunction in order to preserve the status quo, until the court determines whether there has been a breach of the contract. In Burger Chef we recognized that temporary injunctions can be appropriate in franchise cases in order to preserve the status quo during the ongoing litigation. Bateman v. Ford Motor Co., 302 F.2d 63 (3d Cir.1962); Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197 (2d Cir.1970).
Appellants have not demonstrated that the trial court abused its discretion in denying the motion to dissolve the temporary injunction, and we therefore affirm.
DELL, and HAZOURI, JJ., concur.
NOTES
[1] There is a distinction between a motion to dissolve a temporary injunction entered without notice and a temporary injunction entered after a notice and hearing. At a hearing on a motion to dissolve a temporary injunction entered without notice, the party who obtained the injunction has the burden of establishing a prima facie case to support the injunctive relief. Hunter and cases cited. That principle does not apply in this case, in which there was notice and a hearing.