971 So.2d 842 (2007)
BAY N GULF, INC., d/b/a Save On Seafood, Appellant,
v.
ANCHOR SEAFOOD, INC., Appellee.
No. 3D07-1965.
District Court of Appeal of Florida, Third District.
October 24, 2007.
Rehearing and Rehearing Denied December 12, 2007.
Sandler, Travis & Rosenberg, P.A. and Robert J. Becerra and Michelle L. Stopka, Miami, for appellant.
*843 Freedland, Farmer, Russo, Behren & Sheller and Scott M. Behren and Serena Paskewicz, for appellee.
Before GERSTEN, C.J., and GREEN and SHEPHERD, JJ.
Rehearing and Rehearing En Banc Denied December 12, 2007.
GERSTEN, C.J.
Bay N Gulf, Inc., d/b/a Save On Seafood ("SOS"), appeals an order dissolving a temporary injunction. Finding the trial court did not abuse its discretion, we affirm.
SOS sued Anchor Seafood, Inc. ("Anchor") for replevin, conversion and injunctive relief arising out of the contested ownership of frozen seafood. Initially, the trial court granted SOS' motion to temporarily enjoin conveyance of the seafood. Subsequently, upon Anchor's motion, the trial court dissolved the injunction. The trial court's basis for dissolving the temporary injunction was SOS' adequate remedy at law.
SOS contends that once a trial court enters a temporary injunction, it cannot dissolve it without a change in circumstances obviating the need for the injunction. Anchor asserts that a trial court continues to have discretion to dissolve a temporary injunction. We agree with Anchor.
Turning first to the requirements of a temporary injunction, under Florida law, the party seeking the injunction must establish that: (1) irreparable injury will result if the injunction is not granted, (2) there is no adequate remedy at law, (3) the party has a clear legal right to the requested relief, and (4) the public interest will be served by the temporary injunction. DiChristopher v. Bd. of County Comm'rs, 908 So.2d 492 (Fla. 5th DCA 2005). If the trial court enters a temporary injunction, its ruling is subject to an abuse of discretion standard. Alachua County v. Lewis Oil Co., 516 So.2d 1033, 1035 (Fla. 1st DCA 1987). Further, the trial court's discretionary ruling should not be disturbed on appeal, unless it is unreasonable. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
Turning next to dissolving a temporary injunction, a trial court's decision to subsequently modify or dissolve a temporary injunction is subject to the same abuse of discretion standard. Precision Tune Auto Care, Inc. v. Radcliff, 731 So.2d 744 (Fla. 4th DCA 1999). As the Fourth District recognized in Radcliff, to hold otherwise would be inconsistent with two other well-established legal principles: (1) that injunctions rest in the discretion of the court based on surrounding circumstances, see Fla. R. Civ. Proc. 1.610(d); Lewis Oil, 516 So.2d at 1035, and (2) that a trial court has inherent authority to reconsider and modify its interlocutory orders. Bettez v. City of Miami, 510 So.2d 1242, 1243 (Fla. 3d DCA 1987).
Here, when dissolving the temporary injunction, the trial court concluded that SOS would not suffer irreparable harm because it could be adequately compensated by money damages. See, e.g., Estate of Yerex v. Durzo, 651 So.2d 220 (Fla. 4th DCA 1995); Neel v. Williams Commc'n Serv., Inc., 638 So.2d 1017, 1018 (Fla. 2d DCA 1994). We agree with this conclusion and determine that the trial court was well within its discretion.
Finding no abuse of discretion, the order dissolving the temporary injunction is affirmed.
Affirmed.
GREEN, J., concurs.
SHEPHERD, J., dissenting.
I respectfully dissent. The temporary injunction in this case was entered on February *844 2, 2007, upon notice and hearing. Anchor appealed the order and then abandoned the appeal, electing instead to challenge the injunction on motion to dissolve brought pursuant to Florida Rule of Civil Procedure 1.610(d).[1] On July 26, 2007, Anchor succeeded. There is no evidence in the record to support a change of facts or conditions since the entry of the initial injunction that would justify the dissolution. Bay N Gulf argues that when considering a motion to dissolve an injunction entered after notice and hearing afforded to a defendant, a trial court should not grant the motion unless the moving party comes forward in the subsequent hearing on the motion to dissolve with proof of a "change in conditions" or "[change of] facts to the point that equity dictates the injunction no longer needed." See Thomas v. Osler Med., Inc., 963 So.2d 896 (Fla. 5th DCA 2007); City of Ormond Beach v. City of Daytona Beach, 794 So.2d 660 (Fla. 5th DCA 2001). I agree.
The majority ignores this authority from the Fifth District Court of Appeal, and concludes, upon the authority of Precision Tune Auto Care, Inc. v. Radcliff, 731 So.2d 744 (Fla. 4th DCA 1999), that "a trial court's decision to subsequently modify or dissolve a temporary injunction is subject to the same abuse of discretion standard [as the temporary injunction itself]." See supra p. 843. Applying this standard, the majority affirms the dissolution of the injunction below on a ground that either was, or could have been, raised by Anchor on its now-dismissed interlocutory appeal. Under Precision Tune, it quickly becomes apparent that it is the enjoined party, rather than this Court (or the Florida Rules of Appellate Procedure), who has control of the rule concerning when, prior to final judgment, an appeal from an injunction entered after notice may be brought to us for plenary review. In so doing, Precision Tune easily disregards Florida Rules of Appellate Procedure 9.130(a)(3)(B) and 9.130(b), which require that appeals of non-final orders that "grant . . . injunctions" be filed "within 30 days of rendition. . . ." and also arguably violates the Florida Constitution's mandate that our supreme court set the time for appellate review. See Art. V, § 2(a), Fla. Const. ("The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review. . . .") (emphasis added). Of course, Precision Tune also empowers an enjoined party to seek a complete re-trial of temporary injunctions at that moment. I believe Precision Tune is flawed and should not be followed by this Court.
I believe the flaw in Precision Tune transported today by the majority into the jurisprudence of this Courtarises from that court's failure to appreciate the differences between an injunction entered ex parte, and one, like that here, entered with prior notice and an opportunity to be heard. As succinctly and elegantly explained by the distinguished Fifth District Court of Appeal Judge Thomas Sawaya in Thomas:
[i]n cases where the enjoined party takes a direct appeal from an ex parte injunction and does not file a motion to dissolve, in which instance there obviously is no factual record to be reviewed on appeal because there has been no evidentiary hearing,[[2]] the appellate court is constrained to review only the legal sufficiency of the order, the complaint, *845 and any supporting documents. . . . In such instances, a motion to dissolve and an evidentiary hearing are necessary to make a factual record that an appellate court can review. . . . If a motion to dissolve an ex parte temporary injunction is filed and a hearing on the motion is held, "the party who obtained the injunction bears the burden of going forward with evidence to establish a prima facie case to support the injunctive relief,". . . .
[On the other hand, i]f the enjoined party takes a direct appeal after notice and a hearing without moving to dissolve, an appellate court may consider the underlying factual matters because there is a record of the evidence and testimony presented upon which the trial court based its decision to grant the temporary injunction. . . .
To summarize, a motion to dissolve is necessary only where an ex parte temporary injunction was issued. If proper notice was provided and an evidentiary hearing conducted prior to issuance of the temporary injunction, an appeal should be filed to review the propriety of the temporary injunction; in this instance, a motion to dissolve is limited to raising only new matters and a trial court will not abuse its discretion in denying the motion if the enjoined party does not establish that a change in conditions justifies dissolution.
Thomas, 963 So.2d at 900 (emphasis added) (citations omitted).[3]
In reasoning to this result, Judge Sawaya generously recognized and confessed to error in his own prior opinion, Yardley v. Albu, 826 So.2d 467, 469 (Fla. 5th DCA 2002), where he wrote in another appeal of an injunction entered after notice and hearing:
when the party against whom a preliminary injunction is entered does not file a motion to dissolve the injunction pursuant to rule 1.610(d) prior to the direct appeal, the appellate court may not inquire into the factual matters presented; instead the court's inquiry is limited to the legal sufficiency of the trial court's order, the complaint, and any supporting documents.
Having considered Judge Sawaya's thoughtful reprise of himself in Thomas, I fear the next mea culpa might be our own.
I would reverse the order on appeal.
NOTES
[1] The rule states, "[a] party against whom a temporary injunction has been granted may move to dissolve or modify it at any time. If a party moves to dissolve or modify, the motion shall be heard within 5 days after the movant applies for a hearing on the motion." Fla. R. Civ. P. 1.610(d).
[2] As Judge Sawaya points out:

A trial court may not conduct an evidentiary hearing if the request for temporary injunction is made without notice to the other party. Fla. R. Civ. P. 1.610(d)(2) (stating that where no notice is given, the trial court is limited to considering the affidavit or verified pleading when deciding an injunction motion).
Thomas, 963 So.2d at 900 n. 2.
[3] My own research of the decisions of the remaining District Courts of Appeal, who also have considered the issue before us, reveals they are in accord with the Fifth District, and do not authorize the dissolution of a temporary injunction entered after notice and hearing absent a significant change in facts or circumstances. See Hunter v. Dennies Contracting Co., 693 So.2d 615, 616 (Fla. 2d DCA 1997) (holding that it was incumbent upon the enjoined to party to prove "some change of circumstance" that would justify dissolution despite the fact that the movant made "a persuasive argument that the evidence submitted at the initial temporary injunction hearing was legally insufficient to support issuance of the temporary injunction[ ]"); Brock v. Brock, 667 So.2d 310, 312 (Fla. 1st DCA 1995) ("A temporary injunction should be dissolved only where the facts and circumstances have changed to the point that equity dictates the injunction is no longer needed."). Until today, the Fourth District Court of Appeal has stood alone in its contrary view.