CONNER, J.
This case comes before us a second time after we previously remanded for further proceedings. In the first appeal, we reversed the circuit court after determining it erred in failing to conduct an evidentiary *374 hearing on a motion to dissolve a temporary injunction and in severing some counterclaims from the claim for a mandatory injunction.[1] Minty v. Meister Fin. Grp., Inc., 97 So.3d 926 (Fla. 4th DCA 2012). The temporary injunction required that money held in an attorney’s trust account for a closing to refinance a loan be transferred to the registry of the court. We remanded for the circuit court to hold an evidentiary hearing on the motion to dissolve, with instructions that the lender shall have the burden to present evidence sufficient to grant injunctive relief.
The- circuit court complied with our previous decision, conducted an evidentiary hearing, and entered a written order determining that there were grounds for a temporary injunction to keep the money in the registry of the court and requiring a bond. That order was not appealed. Subsequently, the circuit court modified the injunction and directed that the funds be disbursed to the lender who provided the funds with no further restrictions. We reverse for a second time because the procedure followed by the circuit court in modifying the temporary injunction granted the lender the permanent relief requested by the lender without properly considering the borrower’s counterclaims.

Factual Background and Proceedings After Remand

A brief discussion of the facts leading up to the remand will give context to what happened thereafter.
The borrower was sued in a different case by a non-party bank seeking to foreclose its mortgage. To avoid the foreclosure, the borrower entered into a loan refinance agreement with the lender in this case. The refinance agreement provided for the existing mortgage in foreclosure to be paid off so that the lender would have a first mortgage lien on the borrower’s property. The borrower’s attorney was to be the closing agent for the refinance loan closing.
Four years after the loan proceeds were sent to the closing agent, the borrower fell behind in her payments on the refinance loan. In preparing to file suit, the lender learned that the funds were not used to pay off the mortgage in default; instead, the money remained in the closing agent’s trust account.[2] During those four years, the borrower made the payments on the refinance loan.
Upon learning the prior mortgage had not been paid off, the lender filed a complaint for a temporary injunction and a permanent injunction against the borrower and the closing agent. The complaint requested that the money retained in the closing agent’s trust account be transferred to the trust account of the lender’s attorney. The lender also requested that these funds be used to pay off the prior mortgage, and that if the prior mortgage holder rejected the funds as insufficient, the funds be returned to the lender and its loan extinguished.
After filing the complaint, the lender moved for and obtained a temporary injunction without an evidentiary hearing. The temporary injunction directed that the money be transferred from the closing agent’s trust account to the trust account of the lender’s attorney.
*375 The borrower filed her answer, affirmative defenses, and counterclaims. Her counterclaims sought damages for the lender’s alleged misconduct regarding the loan agreement. The borrower also filed a motion to dissolve the temporary injunction. The circuit court did not conduct a hearing on the motion to dissolve. Instead, the circuit court entered an order amending the temporary injunction to direct that the money be transferred to the court registry.
The circuit court also granted the lender’s motion to sever the counterclaims from the injunction proceeding. The borrower appealed both the temporary injunction and the order granting severance of her counterclaims.
We reversed the temporary injunction for the reasons stated above. We also reversed the order granting severance after determining that the parties’ claims were inextricably interwoven. We remanded the case for the circuit court to conduct a hearing on the motion to dissolve the temporary injunction and we directed that the circuit court try all claims together. Minty, 97 So.3d at 931.
On remand, as directed, the circuit court held an evidentiary hearing to determine if there were sufficient grounds for an injunction and to consider the previously filed motion to dissolve the temporary injunction. After determining that the lender made a sufficient showing for a temporary injunction, the circuit court entered a temporary injunction that included the necessary determinations required by Florida Rule of Civil Procedure 1.610(c) and set a bond for the injunction.[3] In addition, the temporary injunction directed the lender’s attorney to negotiate the payoff and satisfaction of the prior mortgage and to report back to the circuit court within thirty days with the status of the negotiations. In the last paragraph, the injunction states, “[a]t the conclusion of 30 days, the Court will make a determination as to what further relief may be necessary and proper.” No appeal was taken as to the temporary injunction entered after the evidentiary hearing.
Subsequently, the lender filed a motion to disburse funds held in the court registry, and the court held a hearing on the matter. At the hearing, the lender’s counsel explained that the prior mortgage holder would not accept the funds in the court registry in satisfaction of its loan. After the ten minute, non-evidentiary hearing, the circuit court granted the lender’s motion to disburse the funds. It is this order, entered after the grant of a temporary injunction, which the borrower now appeals.

Legal Analysis

The borrower argues on appeal that the circuit court failed to comply with the mandate issued after the first appeal. The borrower contends that our previous opinion ordered that the money was not to be disbursed until a trial was conducted to resolve both the lender’s claims for an injunction and the borrower’s counterclaims. The borrower asserts that it was error for the circuit court to convert the evidentiary hearing on her motion to dissolve the injunction into a final hearing of the case.
We begin our analysis by noting that the order on appeal (directing that the money in the court registry be disbursed to the lender) modified a previously issued temporary injunction (directing that the money be held in the court registry). The *376 purpose of the temporary injunction was to keep the funds secured until a final hearing was conducted.
A circuit court’s decision to modify a temporary injunction is reviewed under an abuse of discretion standard. Bay N Gulf, Inc. v. Anchor Seafood, Inc., 971 So.2d 842, 843 (Fla. 3d DCA 2007) (holding that modification or dissolution of a temporary injunction is subject to same abuse of discretion standard as with a permanent injunction); Elias v. Steele, 940 So.2d 495, 497 (Fla. 3d DCA 2006) (“[T]rial courts have broad discretion in dissolving or modifying [permanent] injunctions, and unless a clear abuse of discretion is established, appellate courts will not disturb the trial court’s decision.”) (citations omitted). In this district, modification of a temporary injunction entered after notice and hearing does not require an evidentiary showing of a change in circumstances demonstrating the temporary injunction is no longer equitable. See Precision Tune Auto Care, Inc. v. Radcliff, 731 So.2d 744, 745-46 (Fla. 4th DCA 1999).[4] The problem is that the trial court did not simply amend the temporary injunction so as to keep the funds secured pending disposition of the case.
The order on appeal disbursed the funds to the lender with no restrictions. We agree with the borrower that the order in essence granted the permanent injunctive relief sought by the lender, avoiding a trial on the borrower’s counterclaims. As we said in our previous opinion in this case,
[t]he parties’ claims are inextricably interwoven because the borrower’s affirmative defenses and counterclaims allege the lender committed misconduct regarding the loan agreement. Accordingly, if we allow the borrower’s affirmative defenses and counterclaims to remain severed, then a final judgment in the lender’s favor on its claim will moot the borrower’s affirmative defenses and counterclaim, leaving the borrower no adequate remedy on appeal.... The circuit court shall try all claims together, with a jury to decide any legal claims and the court to decide any equitable claims.
Minty, 97 So.3d at 931. Disbursing the money to the lender with no further requirement to hold the money in trust until the final hearing was not in compliance with our previous decision that the lender’s claims and the borrower’s counterclaims were to be tried together.
The lender argues that the circuit court’s order on appeal was proper be *377 cause during the evidentiary hearing the borrower testified, and the circuit court found, that she made no claim of interest in the money in response to questions asked by the court.[5] The borrower’s testimony was too ambiguous and equivocal to be competent, substantial evidence supporting a finding that she claimed no interest in the funds. Hillier v. City of Plantation, 935 So.2d 105, 107 (Fla. 4th DCA 2006).

Reversed and Remanded for further proceedings.

TAYLOR and KLINGENSMITH, JJ, concur.

. We also determined that the circuit court erred in entering the temporary injunction by not making written findings as to the reasons justifying an injunction and not determining an appropriate bond amount.

. The complaint alleged that the borrower directed her attorney, the closing agent, not to transfer the money to the prior mortgage holder so that she could negotiate a lower payoff of the prior mortgage.

. Although the order granting the temporary injunction after the evidentiary hearing does not explicitly state the motion to dissolve the injunction was denied, by granting the temporary injunction on remand, the circuit court implicitly denied the motion to dissolve.

. The Third District also agrees that modification of a temporary injunction entered after notice and hearing does not require an evi-dentiary showing of a change in circumstances demonstrating the temporary injunction is no longer equitable. Bay N Gulf, Inc., 971 So.2d at 843. However, the First, Second, and Fifth Districts do not authorize the dissolution or modification of a temporary injunction entered after notice and hearing absent evidence showing a significant change in facts or circumstances. See Thomas v. Osler Med., Inc., 963 So.2d 896, 900 (Fla. 5th DCA 2007) ("If proper notice was provided and an evidentiary hearing conducted prior to issuance of the temporary injunction ... a motion to dissolve is limited to raising only new matters and a trial court will not abuse lts discretion in denying the motion if the enjoined party does not establish that a change in conditions justifies dissolution.”); Hunter v. Dennies Contracting Co., 693 So.2d 615, 616 (Fla. 2d DCA 1997) (holding that it was incumbent upon the enjoined to party to prove "some change of circumstance” that would justify dissolution despite the fact that the movant made "a persuasive argument that the evidence submitted at the initial temporary injunction hearing was legally insufficient to support issuance of the temporary injunction”); Brock v. Brock, 667 So.2d 310, 312 (Fla. 1st DCA 1995) ("A temporary injunction should be dissolved only where the facts and circumstances have changed to the point that equity dictates the injunction is no longer needed.”).

. The borrower was not represented by counsel at the evidentiary hearing.