# Third District Court of Appeal

## State of Florida

Opinion filed June 18, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1058
Lower Tribunal No. 23-21279-CA-01
_____

**FR Aleman & Associates, Inc.,**
Appellant,

vs.

**Amazia Kiboko, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Leto Law Firm and Matthew P. Leto and Charles P. Gourlis, for appellant.

Weiss, Serota, Helfman, Cole & Berman, P.L. and Edward G. Guedes, Michael S. Kantor, and Erica A. Hausdorff, for appellees, Amazia Kiboko and Goal Associates, Inc.

Before FERNANDEZ, LOBREE and GOODEN, JJ.

PER CURIAM.

This is a dispute over which covenant not to compete applies. In 2010, Appellee Amazia Kiboko became a shareholder of Appellant F.R. Aleman & Associates, Inc. As part of the process, Kiboko signed a Shareholder Agreement providing he "shall not engage in any business competitive with the corporation for a period of two years from the date of termination of their association, employment or ownership." Two years later, Kiboko signed another agreement. This agreement contained a different covenant not to compete—only restricting competition "[d]uring the course of [Kiboko's] employment." This agreement also contained a merger clause explaining that this writing is "intended by the parties as a final expression of their agreement and as a complete and exclusive statement of the terms thereof." Kiboko subsequently left F.R. Aleman & Associates and started working for a competitor, Appellee Goal Associates, Inc.

F.R. Aleman & Associates sought a temporary injunction to prohibit the new employment. The parties disagree as to whether the covenant not to compete applies. F.R. Aleman & Associates relies on the 2010 provision, whereas Kiboko and Goal Associates, Inc. point to the 2012 provision. Denying the temporary injunction, the trial court ruled that the 2012 covenant controlled and F.R. Aleman & Associates failed to establish any of the required elements for a temporary injunction.

2

"It is well established that the parties to a contract can discharge or modify the contract, however made or evidenced, through a subsequent agreement." St. Joe Corp. v. McIver, 875 So. 2d 375, 381 (Fla. 2004). "If there is a plain repugnancy between the provisions of an original contract and those of a supplemental one between the same parties and relating to the same subject matter, the earlier contract must yield to the later as far as the repugnancy extends." Brink v. Bank of Am., N.A., 811 So. 2d 751, 752 (Fla. 1st DCA 2002) (citation modified). Because the parties chose to modify their agreement on the same subject matter, the 2012 covenant controls.

Similarly, F.R. Aleman & Associates failed to establish the elements for the injunction. See Bay N Gulf, Inc. v. Anchor Seafood, Inc., 971 So. 2d 842, 843 (Fla. 3d DCA 2007) ("Turning first to the requirements of a temporary injunction, under Florida law, the party seeking the injunction must establish that: (1) irreparable injury will result if the injunction is not granted, (2) there is no adequate remedy at law, (3) the party has a clear legal right to the requested relief, and (4) the public interest will be served by the temporary injunction."). The trial court correctly denied the request for a temporary injunction.

Affirmed.