666 So.2d 935 (1995)
Sherry SPAULDING, etc., et al., Appellant,
v.
ESTATE OF Seth N. FREY, etc., et al., Appellee.
No. 94-1622.
District Court of Appeal of Florida, Fifth District.
December 22, 1995.
Rehearing Denied January 30, 1996.
*936 Eric A. Latinsky, Daytona Beach, for Appellant.
David E. Wehmeyer, Daytona Beach, for Appellee.
THOMPSON, Judge.
Sherry Spaulding appeals a nonfinal order modifying a temporary injunction.[1] The original injunction was entered upon the petition for temporary injunction filed by Virginia Hutchinson, personal representative of the estate of Seth N. Frey. In her petition, Hutchinson alleged that the injunction was necessary to prevent the dissipation of estate assets obtained by Spaulding prior to Frey's death. The trial court entered the temporary injunction after holding a contested hearing which was attended by Spaulding.[2] Instead of appealing, Spaulding moved to dissolve the temporary injunction. The trial court subsequently entered its order modifying the injunction, and this appeal followed. Because Spaulding's only arguments presented at the hearing on the motion to dissolve went to the issue of whether the temporary injunction was improvidently entered in the first place, we are constrained to affirm the trial court's order.
Sherry Spaulding was the visiting nurse's aid for Seth N. Frey for one week. Several months after Spaulding provided nursing services to Frey, and one day before his death, Frey signed a check made payable to Spaulding for $63,597.26. The check was signed by Frey, but the remainder of the check was completed by someone else. Spaulding cashed the check, which closed Frey's bank account.
Hutchinson petitioned the court and obtained a temporary injunction preventing the disbursement of assets from several bank accounts owned individually or jointly by the following parties: Spaulding; Christine Marie Spaulding; George and Judith Tulner, Spaulding's parents; and Jean Hurley, Spaulding's grandmother. The parties' financial institutions were also enjoined from disbursing assets. The trial court, however, made no findings of fact, did not specify the reasons for the entry of the temporary injunction, and did not set a bond.
Spaulding petitioned the trial court to dissolve the temporary injunction, arguing that the injunction was improperly entered because the court failed to comply with Florida Rule of Civil Procedure 1.610. After holding a new hearing, the trial court modified the injunction to identify one account held by Judith Tulner. The modified injunction prevented Spaulding, Christine Marie Spaulding, Judith Tulner, and their agents from removing funds from the account. The temporary injunction was dissolved as to all other parties, all other accounts, and all other financial institutions, except Barnett Bank of Volusia County, the bank holding the one account. The order modifying the injunction also waived the posting of a bond by Hutchinson. In lieu of a bond, the court "enjoined [Hutchinson] from disbursing $15,000 in assets of the Estate of Seth N. Frey." Spaulding has not challenged the trial court's decision to freeze funds in the estate in lieu of a bond. At the hearing on the motion to dissolve the temporary injunction, Spaulding never presented evidence of a change in conditions which would justify dissolving the injunction, even though she had the burden of proof. Coastal Unilube, Inc. v. Smith, 598 So.2d 200, 201 (Fla. 4th DCA 1992). Instead, Spaulding argued that Hutchinson never made a showing of the elements required for injunctive relief, and that the temporary injunction did not set forth the grounds for such relief, as required by Florida Rule of Civil Procedure 1.610(c). It is now too late to raise arguments that should have been raised at the contested hearing on Hutchinson's motion for temporary injunction or in a direct appeal from the order granting the *937 motion for temporary injunction. See Miller v. Jacobs & Goodman, P.A., 639 So.2d 1088, 1089 (Fla. 5th DCA 1994). Under similar circumstances, this court has held that a motion to dissolve a temporary injunction, and an appeal from a trial court's order denying a motion to dissolve, constitute "an improper attempt ... to evade a court order and gain retrial of the issues without a timely motion for new trial or appeal." Shadow Lakes Woods, Inc. v. Schneider, 414 So.2d 3, 4 (Fla. 5th DCA 1982). Accordingly, we affirm the trial court's order modifying the temporary injunction.
AFFIRMED.
PETERSON, C.J., concurs.
GRIFFIN, J., dissents, without opinion.
NOTES
[1] This court has jurisdiction. Fla.R.App.P. 9.130(a)(3)(B).
[2] Spaulding attended the hearing, but she was not represented by an attorney at the hearing. Spaulding's attorney had counseled with her before the hearing, but he did not attend because she had not yet retained him. The attorney did appear at the hearing on the motion to dissolve the temporary injunction.