PER CURIAM.
We reverse the order denying the motion to dissolve the temporary injunction. The appellee failed to show irreparable harm. See Dep’t of Transp. v. Kountry Kitchen of Key Largo, Inc., 645 So.2d 1086 (Fla. 3d DCA 1994). Moreover, there does not appear to be such a likelihood of success based upon the condominium documents involved in this case to justify a temporary injunction.
*1377 Although challenges to the sufficiency of an injunction are generally not allowed on a motion to dissolve, where the injunction was issued ex parte, this rule would not apply. Cf. Hunter v. Dennies Contracting Co., 693 So.2d 615 (Fla. 2d DCA1997). In the instant case, notice was given to an officer of the appellant who admitted that he was aligned with the interests of the appellee in this action. Moreover, no evidence was taken at the hearing on the temporary injunction. Instead, affidavits were relied on. Thus, we consider that the hearing on the original injunction was held with improper notice.
WARNER, POLEN and FARMER, JJ., concur.