ROTHENBERG, J.
 

 On March 4, 2010, Courvoisier Courts Condominium Association, Inc. (“the Association”) sought and obtained an “emergency ex parte temporary injunction” regarding the use of certain property owned by Ernesto Fong and Carmita Sanchez Fong (“the Fongs”), who are the appellants in this appeal. Five days later, on March 9, 2010, with notice to the Fongs, the trial court conducted a hearing to determine whether the temporary injunction granted on March 4, 2010, should remain in place. The Fongs, who were represented by counsel, presented evidence and argument at this hearing. The trial court extended the temporary injunction, and the Fongs did not appeal that ruling. Over a year later, the Fongs filed a motion to dissolve the temporary injunction. After conducting a hearing on August 10, and August 31, 2011, the trial court denied the motion to dissolve the temporary injunction.
 

 We agree with the Fongs that the trial court abused its discretion in granting the temporary injunction. The record reflects that the Association failed to demonstrate irreparable harm will result if the temporary injunction is not entered, an adequate remedy at law is unavailable, a substantial likelihood of success on the merits, and the threatened injury to the Association outweighed the obvious harm to the Fongs and their tenant.
 
 See Cordis Corp. v. Prooslin,
 
 482 So.2d 486, 489-90 (Fla. 3d DCA 1986). However, we are compelled to affirm the order denying the Fongs motion to dissolve the temporary injunction because: (1) the grounds raised relate to the procedure and the sufficiency of the evidence regarding the granting of the underlying injunction; (2) the Fongs did not appeal the orders granting the temporary injunction, issued following the March 4, and March 9, 2010, proceedings; (3) the standard regarding a motion to dissolve a temporary injunction, entered after notice and a hearing, required the Fongs to demonstrate a change in circumstances; and (4) the Fongs failed to meet their burden.
 
 See Cohen v. Zidon,
 
 994 So.2d 1163, 1164-65 (Fla. 3d DCA 2008) (“When a trial court issues a temporary injunction after the parties receive notice and a hearing is conducted, a party seeking review of the propriety of the injunction should file a direct appeal.”) (emphasis in original);
 
 Thomas v. Osier Med., Inc.,
 
 963 So.2d 896, 899 (Fla. 5th DCA 2007) (“When a motion to dissolve is directed to a temporary injunction entered after notice and a hearing, the moving party must establish that a
 
 *564
 
 change in conditions justifies the dissolution.”);
 
 Spaulding v. Estate of Frey,
 
 666 So.2d 935, 936-37 (Fla. 5th DCA 1995) (“It is now too late to raise arguments that should have been raised at the contested hearing on [petitioner’s] motion for temporary injunction or in a direct appeal from the order granting the motion for a temporary injunction.”).
 

 Affirmed.