FORST, J.
The Appellants challenge an order canceling the hearing on their motion to vacate, dissolve, or modify two temporary restraining orders. It is apparent from the order that the trial court agreed with the Appellee that no hearing was required because the motion was legally insufficient. The trial court made statements at earlier hearings with respect to the Appellee’s motions for temporary injunction that could have been fairly interpreted to mean that the Appellants’ stipulation to temporary injunctions would not waive their right to an evidentiary hearing if they later decided to move to dissolve. Accordingly, we find that the trial court erred in effectively denying the motion to dissolve. We thus reverse and remand for the trial court to vacate both temporary injunctions and to hold an evidentiary hearing -with respect to the Appellee’s motion for temporary injunction and/or its motion for a permanent injunction.
The Appellants make five arguments on appeal, but only one requires discussion.[1] First, some factual background is necessary. The Appellee, a business which assists persons whose health care claims have been denied by insurance companies, sought injunctive relief against the Appellants via a verified complaint. One of the Appellants, Jamil Agemy, had worked for the Appellee. According to the complaint, the business had developed specialized software and a knowledge base which qualified as trade secrets. The Appellee claimed that after Agemy was fired, he “wiped” his company-issued laptop clean of information including the trade secrets, and hacked into a database to obtain more protected information. The Appellee also *898 named as co-conspirators Agemy’s wife and her company, Brighter Solutions, Inc.; Agemy’s now dissolved business, 4BSI, Inc.; and Jose Aguilar, a consultant to 4BSI, Inc.
Accompanying the complaint was a verified motion for temporary restraining order, which reiterates the allegations of the complaint and requests a temporary order enjoining the Appellants from accessing, using, selling, and revealing the trade secrets, contacting the Appellee’s customers, and accessing its computer systems. A hearing was held on September 21, 2012, at which Agemy appeared without a lawyer. He asked for a continuance to retain a lawyer, but the Appellee opposed that request and stated, “We’re just asking that the status quo be preserved until such time as this could be heard.” Agemy indicated he didn’t understand what that meant. Counsel for the Appellee suggested Agemy agree to a temporary restraining order, and the court stated, “[A]ll I’m asking if you would agree to that until you get a lawyer. And you may decide that you don’t want to challenge it. Maybe you think you should challenge it after you speak to a lawyer. I’ll give you a hearing as soon as possible....” Agemy again requested time to retain a lawyer, but the trial court began questioning Agemy as to whether he agreed to provisions of the proposed order. Agemy agreed to the provisions, but he also made statements that made it clear he disagreed with the merits of the request for an injunction. For example, he stated that “there is no knowledge base.”
Based on the agreement, a broadly worded temporary injunction was entered. The order identifies the software, knowledge base, and other items as trade secrets, and enjoins Agemy from “using, accessing, disclosing, publishing, transferring, selling, copying, uploading, revealing or communicating” them to others. The order also prohibits him from contacting the Appellee’s customers and accessing the Appellee’s computer systems, and it requires him to preserve data on his own computers. The order provides that Age-my “can request the court have a hearing to vacate this order at any time.”
Several days after this order was entered, the Appellee filed a second motion for temporary restraining order. This one was not verified. The Appellee alleged that after the temporary injunction was entered, Agemy contacted family members of the Appellee’s employees and threatened to report the Appellee to federal authorities for illegal activities, and that he used Aguilar to contact the Appellee’s customers. Agemy and Aguilar appeared at the ensuing September 28, 2012 hearing, and this time Agemy was represented by counsel. The trial court stated:
I want to be clear. It was an agreed order. Mr. Agemy asked for time to get a lawyer. I said of course. But after some discussion between the parties, the parties agreed to an order because Mr. Agemy was saying things like, look, I’m not doing any of this, I don’t care; sure I’ll sign it. I made it clear at that time that Mr. Agemy could ask for a hearing to dissolve this agreed order at any time. There has not been an evidentia-ry hearing.
Counsel for Agemy pointed out that the motion was not verified, and he stated that he had filed a motion for extension of time to file a motion to vacate the temporary injunction. He was recently retained and unfamiliar with the case. The court strongly encouraged the parties to come to an agreement. In an off-the-record discussion, they did so. Subsequently, the court entered an Agreed Order incorporating the provisions of the initial restraining order and further providing that Agemy *899 and Aguilar “shall not communicate with [the Appellee’s] employees ... shall not communicate with family members of [the Appellee’s] employees about the lawsuit or [the Appellee] ... and shall not communicate with [the Appellee’s] clients and/or customers.”
Less than one month later, the Appellants filed their Motion to Vacate, Dissolve and/or Modify the Temporary Restraining Orders. They observed that the court had indicated both of the September orders could be dissolved and an evidentiary hearing held upon the Appellants filing a motion to dissolve. They argued that the Appellee did not establish the elements necessary to grant a temporary injunction.
Subsequent to the entrance of the second temporary injunction, a successor judge was assigned the case. The Appel-lee filed a motion to cancel hearing, accompanied by a letter to the judge claiming there was a “significant procedural deficiency with respect to Defendants’ Motion.” In the motion, the Appellee pointed out that the Appellants agreed to the first injunction, and it characterized the second hearing as an evidentiary hearing. The Appellee cited Spaulding v. Estate of Frey, 666 So.2d 935, 936-37 (Fla. 5th DCA 1995), in which the court affirmed the denial of a motion to dissolve a temporary injunction, and reasoned that “[i]t is now too late to raise arguments that should have been raised at the contested hearing ... or in a direct appeal....” The Appel-lee argued the Appellants were attempting to “gain a retrial of the issues without a timely motion for a new trial or appeal.” The successor judge entered an order granting the motion to cancel hearing, citing Spaulding.
The Appellants argue the successor judge erred in relying on Spaulding, as the case is not applicable to the circumstances here. The standard of review of the court’s legal conclusions is de novo, but to the extent the court exercised discretion in canceling the hearing, the standard of review is abuse of discretion. Burtoff v. Tauber, 85 So.3d 1182, 1183 (Fla. 4th DCA 2012).
Florida Rule of Civil Procedure 1.610 governs temporary injunctions. Once a temporary injunction is entered, the enjoined party “may move to dissolve or modify it at any time. If a party moves to dissolve or modify, the motion shall be heard within 5 days after the movant applies for a hearing on the motion.” Fla. R. Civ. P. 1.610(d). However, “challenges to the sufficiency of an injunction are generally not allowed on a motion to dissolve” unless the injunction was entered ex parte. Palma Plaza Owners’ Ass’n v. Cummings & Lockwood, 706 So.2d 1376, 1377 (Fla. 4th DCA 1998). Where an injunction is entered after a contested hearing, a trial court has jurisdiction to dissolve or modify the injunction when circumstances have changed. Acmar Eng’g Corp. v. Farrington, 423 So.2d 1033, 1034 (Fla. 4th DCA 1982). Our courts have held that trial courts do not abuse their discretion in denying motions to modify where there is no change in circumstances and the enjoined party merely raises arguments it could have raised at the evidentiary hearing on the injunction. See Fong v. Courvoisier Courts Condo. Ass’n, 81 So.3d 562, 563 (Fla. 3d DCA 2012); Cohen v. Zidon, 994 So.2d 1163, 1164-65 (Fla. 3d DCA 2008); Spaulding, 666 So.2d at 937.
Where the enjoined party stipulates to the temporary injunction, the trial court is typically found not to have abused its discretion in denying a motion to dissolve. See R.J. Reynolds Tobacco Co. v. Engle, 750 So.2d 781, 781-82 (Fla. 3d DCA 2000) (affirming denial of motion to dissolve where the motion “was either invited *900 or acquiesced to by defendants”); U.S. Mfg. & Galvanizing Corp. v. Renfrew, 592 So.2d 1216, 1217 (Fla. 3d DCA 1992) (declining to entertain argument that temporary injunction order was overbroad where enjoined party agreed to the entry and terms of the injunction). However, our courts recognize that trial courts have inherent jurisdiction to retract their non-final orders, including temporary injunctions, even where the only grounds raised could have been raised at the injunction hearing. See Precision Tune Auto Care, Inc. v. Radcliff, 731 So.2d 744, 745 (Fla. 4th DCA 1999); Bay N Gulf, Inc. v. Anchor Seafood, Inc., 971 So.2d 842, 843 (Fla. 3d DCA 2007).
This case is factually distinguishable from the case relied on by the trial court, Spaulding. Although there was notice, the predecessor judge did not hold an evi-dentiary hearing, nor did she reach the merits of the Appellee’s requests for injunctions. Confronted with a pro se defendant who requested a continuance to obtain an attorney and disputed the merits of the motion, and a plaintiff who opposed any continuance, the court made statements that reasonably could have been taken as a eompromise-there would be a temporary restraining order until Agemy hired an attorney, at which time he could move to dissolve the temporary injunction and the Appellee would be required to establish entitlement to a temporary injunction. The predecessor judge made similar statements at the hearing on the second motion for injunction. It is not apparent the successor judge was aware of all this when she ruled on the motion to dissolve. Further, the motion to cancel hearing and accompanying letter may have led the successor judge to believe there had been an evidentiary hearing on the second motion for injunction.
Based on the unique circumstances of this case, we find the successor judge erred in effectively denying the motion to dissolve. We reverse and remand for the trial court to vacate both temporary injunctions and to hold an evidentiary hearing with respect to the Appellee’s two motions for temporary injunction. The Appellants request that the predecessor judge be assigned to the case on remand, but even if we were in a position to grant such a request, we do not believe it is necessary to do so.

Reversed and remanded for further proceedings.

GROSS and CIKLIN, JJ, concur.

. The other issues are either restatements of the main issue, lack merit, or will be rendered moot by our reversal of the order on appeal.