DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**REBECCA TAYLOR,**
Appellant,

v.

**ALBERT PRICE,**
Appellee.

No. 4D18-2835

[May 22, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Fabienne E. Fahnestock, Judge; L.T. Case No. DVCE 18-5667 (58).

Rebecca Taylor, Margate, pro se.

No brief filed for appellee.

ROWE, CYMONIE S., Associate Judge.

In this domestic violence case, the wife appeals the dismissal of her petition for protection against domestic violence that she filed against her husband. The issue is whether the trial court erred when dismissing the petition while accepting the unrebutted evidence from the wife. We find that the trial court erred because there was no evidence to rebut the wife's uncontroverted testimony and no finding that the wife was not credible.

### *Facts*

At the hearing concerning the injunction, only the wife testified. Inter alia, the wife testified that her husband tried to physically force himself on her and that the husband scratched her breast during the incident. The wife testified that the scratch resulted in a significant wound that took days to heal. The wife told the court that she had a photograph of the wound, but she would prefer not to have to expose it and hoped the court would accept her testimony. When the court indicated that the wife had failed to meet her burden for an injunction, the wife asked the court if it would like to see the photograph of the wound. The court declined to see

the photograph of the wound stating that the court was taking the wife at her word. The wife's testimony was uncontroverted.

When denying the wife's petition, the court did not make any findings of fact and instead concluded that there was insufficient evidence presented to support an injunction pursuant to section 741.30, Florida Statutes (2018).

## *Analysis*

Section 741.30(1)(a) provides that a family or household member may file a petition for protection against domestic violence if that person is "either the victim of domestic violence as defined in s. 741.28 or has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence." *Id.* Section 741.28(2), Florida Statutes (2018), defines domestic violence as "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member." *Id.*

In *Rudel v. Rudel*, 111 So. 3d 285, 291 (Fla. 4th DCA 2013), we stated that:

> [W]here the testimony on the pivotal issues of fact is not contradicted or impeached in any respect, and no conflicting evidence is introduced, these statements of fact cannot be wholly disregarded or arbitrarily rejected. Rather, the testimony should be accepted as proof of the issue for which it is tendered, even though given by an interested party . . . .

(quoting *Ducanson v. Serv. First, Inc.*, 157 So. 2d 696, 699 (Fla. 3d DCA 1963)).

Because the only evidence presented was that of the wife, which was uncontroverted, and because the court did not make findings of fact concerning the credibility of the wife, the court was required to accept the wife's testimony and grant the petition for injunction. The trial court's order dismissing the petition is reversed and remanded with instructions to enter an injunction for protection against domestic violence.

TAYLOR and LEVINE, JJ., concur.

\*         \*         \*

*Not final until disposition of timely filed motion for rehearing.*