DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALBERT PRICE,**
Appellant,

v.

**REBECCA TAYLOR,**
Appellee.

No. 4D19-2427

[June 10, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Fabienne Fahnestock, Judge; L.T. Case No. DVCE 18-005667.

Stephen Allen of The Law Office of Stephen Allen, P.A., Coral Springs, for appellant.

Rebecca S. Taylor of the Taylor Law Firm, P.A., Coral Springs, for appellee.

PER CURIAM.

Albert Price appeals the trial court's order denying his motion to dissolve an injunction entered pursuant to this court's directive in *Taylor v. Price*, 273 So. 3d 24 (Fla. 4th DCA 2019). The injunction entered pursuant to our ruling in that case was essentially ex parte, because Price was not afforded a contested hearing before the entry of the injunction. Therefore, he was entitled to present evidence on a motion to dissolve regarding the facts surrounding the initial injunction. Accordingly, we reverse the denial of Price's motion to dissolve and remand for the trial court to hold another evidentiary hearing at which Price may present his side of the events.

On August 6, 2018, Rebecca Taylor filed a petition for an injunction for protection against domestic violence. She alleged that Price had been violent with her on August 4, 2018 and requested that the court grant a temporary injunction until it could hold a hearing to determine whether it should grant a permanent injunction. The trial court granted the temporary injunction and scheduled the hearing for August 22, 2018.

At the hearing, both Taylor and Price appeared with counsel and indicated that they would be the only witnesses testifying. Then, Taylor testified regarding the alleged incident of domestic violence. After hearing Taylor's testimony and the brief cross-examination, the trial court opined that Taylor did not present a prima facie case to satisfy the burden to obtain a permanent injunction and dismissed her petition. As a result, the court did not request to hear Price's side of the story before dismissing the petition, so Price did not testify. Once the hearing concluded, the court also dismissed the temporary injunction it previously entered.

Taylor appealed the trial court's dismissal of her petition to this court. She argued that her allegations of domestic abuse were not only sufficient to obtain an injunction, but also uncontradicted by Price. In light of her uncontradicted testimony, Taylor argued that this court should reverse and remand and direct the trial court to enter an injunction. This court agreed and directed the trial court to enter a final judgment of injunction for protection against domestic violence on behalf of Taylor and against Price. *See Taylor*, 273 So. 3d at 26-27. Price did not respond to the appeal and this court issued its mandate on June 7, 2019. Bound by this court's directive, the trial court entered the injunction on June 12, 2019.

On the same day the trial court entered the injunction, Price moved to have the injunction dissolved. In his motion, Price argued that he was never given the opportunity to testify at the August 22 hearing even though he was willing to do so. Price also argued that the injunction should be dissolved on its merits because the parties had been living together from the date of the August 2018 injunction hearing until he was removed from the marital home after the trial court entered final injunction.

The trial court held a hearing on Price's motion. At the hearing, Price argued that he should be afforded an opportunity to testify about the August 4, 2018, incident that prompted Taylor to file for the injunction. Taylor argued that this would be improper and prejudicial because the case law on motions to dissolve injunctions did not allow challenges to the underlying basis of an injunction. Although the court acknowledged Price's position, it agreed with Taylor and opined that any challenge to the underlying basis of the injunction was barred by res judicata. After hearing testimony from both parties, the court found that Price had not proven that there was change in circumstances and denied Price's motion to dissolve the injunction. This appeal follows.

"The standard of review of a court's ruling on a motion to dissolve an injunction is abuse of discretion if the order is based on factual matters, and de novo if based on legal matters." *Burtoff v. Tauber*, 85 So. 3d 1182, 1183 (Fla. 4th DCA 2012). Section 741.30(6)(c), Florida Statutes (2019),

provides that after a domestic violence in junction has been issued, "[e]ither party may move at any time to modify or dissolve the injunction."

Generally, "a movant can[not] obtain modification or dissolution of a domestic violence injunction based on a challenge to its initial procurement." *See Reyes v. Reyes*, 104 So. 3d 1206 1207 (Fla. 5th DCA 2012) (alteration added). This is based on the reasoning that such challenges should have been made at the contested hearing before the injunction was granted or in a direct appeal of the order granting the injunction. *See Spaulding v. Estate of Frey*, 666 So. 2d 935, 936-37 (Fla. 5th DCA 1995). But this reasoning does not apply when an injunction is entered ex parte. *See Palma Plaza Owners' Ass'n, v. Cummings & Lockwood*, 706 So. 2d 1376, 1377 (Fla. 4th DCA 1998) ("Although challenges to the sufficiency of an injunction are generally not allowed on a motion to dissolve, where the injunction was issued ex parte, this rule would not apply."); *see also Agemy v. Health Bus. Sols., LLC*, 117 So. 3d 896, 899 (Fla. 4th DCA 2013) (same).

This court's previous ruling in *Taylor* effectively directed the entry of an ex parte injunction because Price was not afforded the opportunity to testify at the initial injunction hearing on August 22, 2018. 273 So. 3d at 26-27. Based on our review of the record, Price's failure to testify was due to no fault of his own. *Cf. U.S. Mfg. & Galvanizing Corp. v. Renfrow,* 592 So. 2d 1216, 1217 (Fla. 3d DCA 1992) (stating that the party who agreed to the terms of a temporary injunction could not attack the underlying basis of that injunction in their motion to dissolve).

Rather than direct the trial court to enter the injunction, the proper course should have been to remand for the trial court to hold another hearing. *See Rudel v. Rudel*, 111 So. 3d 285, 292 (Fla. 4th DCA 2013) (reversing the dismissal of an injunction petition but remanding for a new hearing because the husband did not have the opportunity to present evidence on the issue); *see also Burtoff*, 85 So. 3d at 1184 (stating that "the opposing party must have an opportunity to demonstrate that the allegations relied on by the court are not true").

Due to the unique circumstances of this case, we hold that Price should be allowed to attack the initial grant of the injunction on his motion to dissolve—this includes allowing testimony regarding the events that took place on August 4, 2018—as well as the circumstances through the time a new hearing on the motion to dissolve is held. Therefore, we reverse the trial court's denial of Price's motion and remand for the court to hold an evidentiary hearing at which he may challenge the initial grant of his injunction.

*Reversed and remanded for further proceedings.*

WARNER, CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*