DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUAN ALBERTO GOYA,**
Appellant,

v.

**ROSA M. HAYASHIDA,**
Appellee.

No. 4D2023-1212

[August 13, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Fabienne E. Fahnestock, Judge; L.T. Case No. FMCE 18-003579.

Kathleen K. Peña, Fort Lauderdale, for appellant.

Rosa M. Hayashida, Pembroke Pines, pro se.

FORST, J.

Appellant Juan Alberto Goya ("Husband") appeals the trial court's final judgment of dissolution of marriage, finding certain property to be marital assets, and awarding Rosa M. Hayashida ("Wife") half of the equity in those assets. We agree with Husband that one of those properties was not a marital asset and reverse that determination. As to the other properties, we affirm their classification as marital assets without discussion.

**Background**

Wife petitioned for dissolution of marriage, and the trial court held a hearing on the petition.

At the hearing, Husband testified that his parents previously owned a house on Olgim Avenue in Peru (the "Olgim property") and used the proceeds from its sale to purchase a different property. When presented with a document concerning the Olgim property's sale, Husband testified that the document stated Husband's aunt and uncle owned the Olgim property and sold it to his parents.

Husband's sister testified that their parents previously owned the Olgim property. She also testified that the Olgim property was titled in her aunt's name.

The trial court declared the marriage dissolved, and among other findings, held that the Olgim property was a marital asset. This appeal follows.

## Analysis

### A. Merits

"A trial court's determination that an asset is marital or nonmarital involves mixed questions of law and fact." *Naranjo v. Ochoa*, 366 So. 3d 11, 15 (Fla. 4th DCA 2023) (citation omitted). "Distribution of marital assets and liabilities must be supported by factual findings in the judgment or order based on competent substantial evidence." *Higgins v. Higgins*, 226 So. 3d 901, 904 (Fla. 4th DCA 2017) (quoting *Bardowell v. Bardowell*, 975 So. 2d 628, 629 (Fla. 4th DCA 2008)); § 61.075(3), Fla. Stat. (2018). "A trial court's legal conclusion that an asset is marital or nonmarital is subject to de novo review." *Higgins*, 226 So. 3d at 904 (quoting *Mondello v. Torres*, 47 So. 3d 389, 392 (Fla. 4th DCA 2010)); *but see Hooker v. Hooker*, 220 So. 3d 397, 404 (Fla. 2017) ("It is clear, due to the trial court's 'superior vantage point' in reviewing and weighing testimony and evidence presented at trial, that appellate courts are to defer to trial courts' findings of whether disputed property is marital or nonmarital.").

> We are duty bound not to disturb the findings of fact of a trial judge in a case heard without a jury where such findings are based upon conflicting competent evidence. However, where the testimony on the pivotal issues of fact is not contradicted or impeached in any respect, and no conflicting evidence is introduced, these statements of fact can not be wholly disregarded or arbitrarily rejected. Rather, the testimony should be accepted as proof of the issue for which it is tendered, even though given by an interested party, so long as it consists of fact, as distinguished from opinion, and is not essentially illegal, inherently improbable or unreasonable, contrary to natural laws, opposed to common knowledge, or contradictory within itself.

*Rudel v. Rudel*, 111 So. 3d 285, 291 (Fla. 4th DCA 2013) (alterations omitted) (quoting *Duncanson v. Serv. First, Inc.*, 157 So. 2d 696, 699 (Fla. 3d DCA 1963)).

The trial court found that the Olgim property was a marital asset. However, the uncontroverted evidence demonstrates that Husband never acquired the Olgim property. The deed of sale identifies the Olgim property's sellers, neither of whom are Husband. The record indicates either Husband's parents or his aunt and uncle owned the Olgim property.

Moreover, Wife did not present any evidence that Husband owned the Olgim property. Nor did Wife contradict Husband's and his sister's testimonies that Husband did not own the Olgim property, and thus, the Olgim property was a nonmarital asset. The trial court did not make findings of fact concerning the credibility of Husband and his sister. *See Taylor v. Price*, 273 So. 3d 24, 26 (Fla. 4th DCA 2019). Therefore, the trial court's finding that the Olgim property is a marital asset was erroneous because Husband's and his sister's statements "should be accepted as proof of the issue."

### B. Wife's "Fake" Cases

Wife's answer brief is replete with and entirely supported by fake cases and legal propositions, presumably generated by artificial intelligence (AI). For example, Wife cites to "*Stone v. Stone*, 682 So. 2d 168 (Fla. 4th DCA 1996)" and "*Hedrick v. Hedrick*, 132 So. 3d 1241 (Fla. 5th DCA 2014)" for the proposition that a party claiming inherited property must provide documents of transfer or other formal proof of inheritance. These cases do not exist, and no cases stand for that proposition or various other contentions in her brief.

Wife, "as a pro se litigant, was still required to adequately present [her] arguments on appeal." *Walker v. Est. of Yee*, 376 So. 3d 758, 758 (Fla. 4th DCA 2024). "[I]t is a mistake to hold a pro se litigant to a lesser standard than a reasonably competent attorney." *Id.* (alteration in original) (quoting *Kohn v. City of Miami Beach*, 611 So. 2d 538, 539 (Fla. 3d DCA 1992)).

"It is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs." *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025) (citing Eugene Volokh, *Six Federal Cases of Self-Represented Litigants Citing Fake Cases in Briefs, Likely Because They Used AI Programs*, Reason: Volokh Conspiracy (Nov. 11, 2023, 10:27 AM),

https://reason.com/volokh/2023/11/13/self-represented-litigants-use-ai-to-write-briefs-produce-hallucinated-citations).

"An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023)). "Many harms flow from the submission of fake opinions." *Mata*, 678 F. Supp. 3d at 448. These include wasting the opposing party's "time and money in exposing the deception," taking the court's time "from other important endeavors," and "potential harm to the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and to the reputation of a party attributed with fictional conduct." *Id.*; *see also Al-Hamim v. Star Hearthstone, LLC*, 564 P.3d 1117, 1124 (Colo. App. 2024).

We have the authority to sanction Wife under Florida Rule of Appellate Procedure 9.410(a) for failure to comply with Florida Rule of Appellate Procedure 9.210(c). *See Gutierrez v. Gutierrez*, 399 So. 3d 1185, 1188 (Fla. 3d DCA 2024). However, we decline to do so. Our decision is tempered by the fact that Wife is defending a judgment on appeal in an unrepresented capacity, Husband has not sought the imposition of sanctions, and Wife has not brought any other meritless or frivolous filings in this Court. *See id.* at 1187–88; *Al-Hamim*, 564 P.3d at 1125–26. Instead, we admonish Wife for her counterfeit brief and warn her that the Court will not regard similar infractions as mildly in the future.

## Conclusion

We reverse the trial court's finding that the Olgim property is a marital asset because Wife did not rebut Husband's testimony that Husband did not purchase or sell that property. We affirm the remainder of the trial court's final judgment of dissolution of marriage, as well as the denial of Husband's post-judgment motions.

*Affirmed in part, reversed in part.*

WARNER and GERBER, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

4