DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JOHN S. HARLOW,

Appellant,

v.

TIER 1 PEST SOLUTIONS, LLC,

Appellee.

No. 2D2025-2277

_____

June 17, 2026

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Hillsborough County; Cheryl K. Thomas, Judge.

John S. Harlow, pro se.

Marlon A. Onias of Onias Law, P.L., Fort Lauderdale, for Appellee.

MORRIS, Judge.

John S. Harlow appeals a nonfinal order compelling arbitration and denying his motion to dissolve a temporary injunction entered in favor of Tier 1 Pest Solutions, LLC (Tier 1). We reverse the portion of the order requiring mediation before arbitration because the trial court improperly decided an issue that is one for the arbitrator. We affirm the portion of the order denying the motion to dissolve the injunction.

Pursuant to a written operating agreement, Harlow owns a 51% membership interest in Tier 1. Robert Robertson and Brad Liston own

the other 49%.  The operating agreement provides the following relevant language regarding dispute resolution:

> In the case of any dispute between the parties which has not been resolved through negotiation between the parties, such dispute shall be settled and determined through mediation. Any mediation shall be held in Hillsborough County, Florida, and shall be conducted by a single mediator to be selected by other mediators, one of whom shall be selected by each Member who is a party to the dispute.  If the mediation does not resolve the dispute, then the dispute shall be settled and determined through arbitration in accordance with the Rules of Commercial Arbitration of the American Arbitration Association ("AAA").

When a dispute arose between the three members, Harlow issued a demand to Robertson and Liston for mediation under the dispute resolution provision of the operating agreement.  Robertson and Liston did not respond.  Harlow commenced arbitration against Robertson and Liston.  The arbitrator conducted a hearing via Zoom on May 7, 2025, which Robertson and Liston did not attend.  The arbitrator entered an emergency interim order on May 9, 2025.

In the meantime, on April 7, 2025, Tier 1 filed a complaint against Harlow for breach of fiduciary duty, conversion, constructive fraud, and injunctive relief.  Tier 1 moved for a temporary injunction, which the trial court granted on July 8, 2025.  On July 25, 2025, Harlow filed a motion to dissolve the injunction.  He also filed a motion to compel arbitration, claiming that the parties' written agreement requires arbitration and mediation as a condition precedent to arbitration.  He filed an amended motion to compel arbitration, citing sections 682.02 and 682.03, Florida Statutes (2025), and *Patterson v. Melman*, 398 So. 3d 470 (Fla. 2d DCA 2024), arguing that the issue of mediation as a condition precedent is an issue for the arbitrator to decide, not the trial court.

Tier 1 filed a response, arguing that Harlow failed to comply with the agreement by initiating the arbitration against Robertson and Liston before mediation. Tier 1 also argued that Harlow waived his right to arbitrate by seeking injunctive relief in court[1] and that courts, not arbitrators, decide whether conditions precedent have been satisfied. After a hearing, the trial court entered an order denying Harlow's motion to dissolve the injunction and granting in part his motion to compel arbitration. The trial court stated that the parties "are required to attend mediation prior to arbitration." The court ordered the parties to select a mediator and schedule mediation within seven days and, if no settlement is reached at mediation, to schedule an arbitration hearing within ten days and to hold an arbitration hearing within forty-five days thereafter.

On appeal, Harlow first argues that the trial court exceeded its jurisdiction by compelling mediation as a condition precedent to arbitration. He contends that the trial court did not have authority to make that determination and that it was an issue for the arbitrator.

In *Patterson*, this court reversed a trial court order that "impermissibly decided a question regarding a condition precedent to arbitration that was by statute within the exclusive province of the arbitrator to decide." 398 So. 3d at 472. The appellants filed suit against the appellees, and the appellees filed a motion to dismiss, arguing that the contracts between the parties "required the resolution of [the a]ppellants' claims in binding arbitration." *Id.* at 473. The contracts contained

> identical dispute resolution clauses, which
> provide[d] that "[a]ll controversies, claims, and

---

[1] Tier 1 asserts that Harlow also filed a complaint for injunctive relief against Robertson in the circuit court, but that fact is not supported by the appendices filed in this case.

> other matters in question between the parties
> arising out of or relating to this Agreement or the
> breach thereof will be settled by first attempting
> mediation." The clauses then provide[d] that
> "disputes not resolved by mediation will be settled
> by neutral binding arbitration."

*Id.* at 472-73 (second alteration in original). The appellants argued that "mediation was a condition precedent to arbitration and that [the a]ppellees had waived the right to arbitration by refusing to participate in mediation." *Id.* at 473. The trial court treated the appellees' motion to dismiss as a motion to compel arbitration and entered an order compelling arbitration.

On appeal, the appellants argued that the appellees had waived their right to arbitration and "predicated their waiver argument on [the a]ppellees' alleged refusal to perform what [the a]ppellants argue is a condition precedent to arbitration—attending mediation." *Id.* This court held that

> [a]lthough the trial court reached the right result in this case
> by compelling arbitration, the trial court's order cannot be
> affirmed. The trial court improperly resolved issues reserved
> for the arbitrator—whether the actual occurrence of
> mediation is a condition precedent to arbitration and whether
> the condition had been fulfilled. The Revised Florida
> Arbitration Code is explicit that the arbitrator must decide
> whether a condition precedent has been fulfilled. *See*
> [§ 682.02(3), Fla. Stat. (2023)] ("An arbitrator shall decide
> whether a condition precedent to arbitrability has been
> fulfilled . . . ."). And the question of what is or is not a
> condition precedent is logically subsumed within the question
> of whether a condition precedent has been fulfilled: the
> arbitrator must necessarily identify the nature and scope of
> any condition precedent before determining whether that
> condition has been fulfilled. But even if those two questions
> could be separated from one another, the Revised Florida
> Arbitration Code is equally clear as to what issues the court
> may decide; whether a contract contains a condition

4

precedent to arbitration is not one of them. Section 682.02(2), which explicates the division of labor between the court and the arbitrator, confers on the court the authority to "decide whether an agreement to arbitrate exists" and whether "a controversy is subject to an agreement to arbitrate." Section 682.03(1)(b) sets forth the procedure the court must follow when a party seeks to compel arbitration. Upon the filing of an opposed "motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement . . . , the court *shall* proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate." § 682.03(1)(b) (emphasis added). Reading sections 682.02 and 682.03 *in pari materia*, it is inescapable that once the "issue" of whether there is an "enforceable agreement to arbitrate," § 682.03(1)(b), and the question of whether "a controversy is subject to an agreement to arbitrate," § 682.02(2), are resolved in the affirmative, the trial court is required to order arbitration straight away, leaving no opportunity for the court to address any other questions—such as whether an obligation in the arbitration agreement does or does not constitute a condition precedent.

The trial court invaded the statutory province of the arbitrator when it made a determination regarding what is and what is not a condition precedent to arbitration and whether such conditions had been met.

*Id.* at 477-78.

This case is directly on point with *Patterson*. The trial court correctly determined that the parties have an enforceable agreement to arbitrate, but the trial court was not permitted to decide whether the agreement contains a condition precedent (i.e., mediation) and whether that condition precedent has been fulfilled. That is a question for the arbitrator. *Id.* Accordingly, we reverse the order and remand with instructions for the trial court to enter an order compelling arbitration that leaves for the arbitrator the questions regarding mediation as a condition precedent.

5

Next, Harlow contends that the trial court erred in denying his motion to dissolve the temporary injunction because it fails to order a bond and to set forth certain findings as required by Florida Rule of Civil Procedure 1.610.

Harlow appeals the order denying his motion to dissolve the injunction; he did not appeal the initial order or amended order granting the injunction. Several districts, including ours, formerly held that a party could not seek to dissolve an injunction by raising grounds that could have been raised at the initial granting of the injunction or on appeal of the initial injunction and that the party must show a change in circumstances since the granting of the initial injunction. *See, e.g., Hunter v. Dennies Contracting Co.*, 693 So. 2d 615, 616 (Fla. 2d DCA 1997); *Fong v. Courvoisier Courts Condo. Ass'n*, 81 So. 3d 562, 563 (Fla. 3d DCA 2012). The supreme court then held that a party is not required to show "changed circumstances when moving to modify or dissolve a temporary injunction . . . when a party [can] show[ a] clear misapprehension of the facts or clear legal error on the part of the trial court in entering the temporary injunction." *Planned Parenthood of Greater Orlando, Inc. v. MMB Props.*, 211 So. 3d 918, 925-26 (Fla. 2017) (rejecting "the bright line changed circumstances rule for modifying or dissolving a temporary injunction as articulated by the First, Second, Third, and Fifth Districts"). In *Planned Parenthood*, the court held that the trial court abused its discretion in denying a motion to dissolve the injunction where the injunction "granted relief that was never sought or tried, was vague in its description of the activity enjoined, and . . . was based on erroneous factual findings." *Id.* at 925 (citing *Planned Parenthood of Greater Orlando v. MMB Props.*, 171 So. 3d 125, 127 (Fla. 5th DCA 2015)).

6

In *Marlette v. Carullo*, 351 So. 3d 1193 (Fla. 2d DCA 2022), this court applied *Planned Parenthood* and reversed an order denying a motion to dissolve an injunction. The injunction had been entered without a hearing, failed to set forth findings required under Florida Rule of Civil Procedure 1.610(b), and did not require the posting of a bond under rule 1.610(c). *Marlette*, 351 So. 3d at 1194-95. Further, the motion to dissolve the injunction was denied without a hearing. This court held that the movant "failed to plead, let alone prove, at least three of the four requisite elements" required for a temporary injunction and that the trial court's summary granting of the injunction while "wholly fail[ing] to comply with both subsections (b) and (c) of rule 1.610 . . . constitutes 'clear legal error.' " *Marlette*, 351 So. 3d at 1196 (citing *Phelan v. Trifactor Sols., Inc.*, 312 So. 3d 1036, 1039 (Fla. 2d DCA 2021); *Williams v. Victim Justice, P.C.*, 198 So. 3d 822, 826 (Fla. 2d DCA 2016)).

This case is distinguishable from *Marlette*. The injunction in this case was originally entered after notice to Harlow and a contested hearing which Harlow attended, whereas the injunction in *Marlette* was summarily entered without a hearing. Further, Harlow has not demonstrated that the elements of the injunction were not pleaded or proven. *Cf. Planned Parenthood*, 211 So. 3d at 925 (holding that the trial court abused its discretion in denying a motion to dissolve the injunction where the injunction "granted relief that was never sought or tried . . . and . . . was based on erroneous factual findings"); *Marlette*, 351 So. 3d at 1196 (concluding that the movant "failed to plead, let alone prove, at least three of the four requisite elements" for an injunction). As such, he has not shown that the trial court substantively erred in entering the injunction; he has only shown that the trial court's order entering the injunction contains technical errors, which he did not appeal after it was

7

initially entered. We decline to extend *Planned Parenthood* and *Marlette* to the facts of this case.

Harlow raises two other issues that are without merit and do not warrant discussion. We affirm the portion of the order denying Harlow's motion to dissolve the injunction, but we reverse the portion of the order compelling arbitration and remand with instructions for the trial court to enter an order compelling arbitration that leaves for the arbitrator the questions of mediation as a condition precedent.

Affirmed in part; reversed in part; remanded with instructions.

KHOUZAM and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.